THE STATE OF OHIO, APPELLEE, *v.* MCMECHAN, APPELLANT.

(No. CA87-11-152—Decided June 6, 1988.)

*John F. Holcomb,* prosecuting attorney, and *William Sherman II,* for appellee.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Kevin S. Parker,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Area I County Court of Butler County, Ohio.

This is an appeal by defendant-appellant, Lamar L. McMechan, from his conviction of criminal trespass in violation of R.C. 2911.21(A)(2).

On September 19, 1987, at approximately 1:22 a.m., appellant was arrested for criminal trespass at Pfeffer Park, which is located on the Oxford Campus of Miami University, by Officer Michael Goins of the Miami University Police. Goins discovered appellant, who is a university student, and a companion inside the park building a fire. He immediately arrested both men for criminal trespassing.

Appellant entered a plea of not guilty to the charge and the case proceeded to a bench trial. At that trial, Goins testified that Pfeffer Park was posted with "several" signs warning that its use was restricted to daylight hours. One of these signs is on the main gate leading into the park. Goins, however, admitted on cross-examination that appellant stated he was unaware of the daylight-hours restric-

tion, and he was unsure of exactly where appellant entered the park or whether there was a warning sign at that point.

After the state rested, appellant testified in his own defense. He stated he was a sophomore at Miami but this was his first year on the Oxford campus; that he had never before been to Pfeffer Park; that he entered the park at night along a trail; and that he never saw any signs warning that it was closed after dark.

After hearing the evidence and the arguments of counsel, the court found appellant guilty as charged. In doing so, it observed:

"I don't think the state has proven actual knowledge [of the daylight use restriction] on the part of the defendant. It may be legitimately called into question whether the defendant had actual knowledge. However, I believe that [the defendant] was reckless * * * in that he did not attempt to go to the gates after having proceeded into the park on a beaten path to find exactly what the posted hours were. * * * Upon entering the park I think that a person would be prudent to go into the parking lot or toward the gate to see what the posted signs were. So, whether or not he had actual knowledge is not the issue. Rather, he was reckless in not seeking knowledge. I find the defendant guilty."

Following the court's pronouncement of sentence, appellant filed the instant appeal.

In his brief before this court, appellant lists a single assignment of error which claims that the lower court's decision was against the manifest weight of the evidence because it did not recognize appellant's privilege to be in the park and because its decision imposed an unreasonable and arbitrary standard of conduct upon him. For reasons which will become apparent, we will address the second argument first.

Appellant was convicted of violating R.C. 2911.21(A)(2), which provides:

"(A) No person, without privilege to do so, shall do any of the following:

"* * *

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard."

The court below found appellant was not shown beyond a reasonable doubt to have known of the daylight hours use restriction on Pfeffer Park but ruled he was guilty of recklessness in his efforts to learn of any restrictions on the park's use because he failed to travel to the park's front gate in order to ascertain whether there were any restrictions.

An examination of the Committee Comment for R.C. 2911.21(A)(2) reveals this subsection covers situations where the land or premises involved are subject to rules on access or use, and the offender knows or has reasonable cause to believe he is in violation of such rules. Keeping this comment in mind and reading R.C. 2911.21(A)(3) *in pari materia* with R.C. 2911.21(A)(2), we conclude that some form of communication of any restrictions on the use of land such as Pfeffer Park to those entering it (including appellant) is essential to a successful trespass prosecution under R.C. 2911.21(A)(2). The crucial question is what constitutes adequate communication of that restriction.

Adequate warnings of land or premises use restrictions can be communicated actually or constructively — that is, through the use of physical barriers such as barricades, barriers, fences and locks which actually limit or bar access, or by signs at the entrance to the land or premises which inform the user, *i.e.,* act as constructive

notice, of the restrictions which exist. The record *sub judice* does not show beyond a reasonable doubt that appellant was made aware of the daylight use limitation on Pfeffer Park either by physical barriers to entry or by signs posted at each entrance to the park. There is also no proof before us that appellant was made aware of any restrictions on the park's use from other sources.

We find the trial court painted with too broad a brush when it imposed a duty upon appellant, who was not aware of any limits on use, to search the area for signs imposing restrictions. We believe the better-reasoned approach lies in imposing the duty to communicate restrictions on the use of a particular parcel of land or a particular building to its owner or occupier.

Since there is no showing in the record that appellant's point of entry into Pfeffer Park contained some form of communication of the restrictions upon its use, we find appellant's second argument to have merit and, accordingly, we sustain his single assignment of error.

Appellant's conviction is reversed and appellant is discharged.

*Judgment reversed.*

HENDRICKSON, P.J., KOEHLER and YOUNG, JJ., concur.