OPINION *Page 2 
{¶ 1} This appeal arises from Defendant-Appellant, Scott Winland, conviction and sentence for criminal trespass in the Licking County Municipal Court. Plaintiff-Appellee is the State of Ohio
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} In the early morning hours of January 13, 2007, Deputy Michael Tankersley of the Licking County Sheriff's Department was patrolling the area of Dayton Road and Swans Road. He was investigating the theft of ATVs and the search for the suspects led him to a bike path, east of Swans Road. The bike path has entrances at Dayton Road and Swans Road. At each entrance, there is a sign that states, "Dusk to Dawn Curfew Enforced." While Deputy Tankersley was driving in his police cruiser on the bike path at approximately 2:06 a.m., he came across Appellant sleeping on a park bench in the rain.
 {¶ 3} The deputy honked his horn a few times and Appellant woke up. Appellant got off the park bench and began to walk away. Deputy Tankersley followed Appellant east down the bike path and Deputy Miller approached in his police cruiser from the west. Appellant stopped when Deputy Miller reached Appellant's location. Deputy Tankersley got out of his cruiser and made contact with Appellant. Deputy Tankersley asked Appellant who he was and what he was doing on the bike path. Appellant did not respond. Deputy Tankersley testified that Appellant appeared to be intoxicated.
 {¶ 4} Appellant did not respond to Deputy Tankersley's questions and did not cooperate. The deputy informed Appellant that he was placing him under arrest for *Page 3 
criminal trespass in violation of R.C. 2911.21(A)(2). He advised Appellant the bike path was closed from dusk until dawn.
 {¶ 5} Appellant pled not guilty to the charged offense. The matter proceeded to a trial by the court on February 12, 2007. Appellant waived his right to counsel and testified at trial on his own behalf.
 {¶ 6} At trial, Sergeant Evans of the Licking County Sheriff's Office was brought to testify regarding photographs he had taken of the signs posted at Swans Road and Dayton Road. The signs are posted in both directions at Swans Road and Dayton Road.
 {¶ 7} Appellant testified that when he entered the bike path that evening, it was raining and the visibility was poor. He stated that he was unaware of any signs restricting the use of the bike path to daylight hours. Appellant testified that he entered the bike path at the Swans Road entrance heading east. He further testified that he had walked on the bike path during daylight hours, albeit some time ago.
 {¶ 8} The trial court found Appellant guilty of Criminal Trespass. The trial court sentenced Appellant to thirty days in jail, with twenty-five days suspended. The trial court additionally sentenced Appellant to one year of probation and ordered counseling. The sentence was stayed pending appeal.
 {¶ 9} Appellant raises two Assignments of Error:
 {¶ 10} "I. THE EVIDENCE AGAINST THE APPELLANT WAS INSUFFICIENT TO SUSTAIN A GUILTY VERDICT FOR CRIMINAL TRESPASS.
 {¶ 11} "II. APPELLANT'S CONVICTION FOR CRIMINAL TRESPASS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 I., II. {¶ 12} We will review Appellant's Assignments of Error together as they are interrelated. Appellant argues the verdict of guilty on the charge of criminal trespass was against the manifest weight of the evidence and not supported by sufficient evidence. We disagree.
 {¶ 13} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 14} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position *Page 5 
to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 16} R.C. 2911.21(A)(2) provides a definition of criminal trespass: "(A) No person, without privilege to do so, shall do any of the following: * * * (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard; * * *."
 {¶ 17} Appellant argues the State failed to establish Appellant was aware of the restrictions on the use of the bike path to only daylight hours. In the case of State v. McMechan (1988), 48 Ohio App.3d 262, 549
N.E.2d 211, the court held that in order to sustain a conviction under R.C. 2911.21(A)(2), there must be some form of communication of any restrictions on the use of the land to those entering it. Id. at syllabus. In McMechan, the court found the State did not establish beyond a reasonable doubt that the defendant was made aware of the daylight use restrictions on a park by either physical barriers to entry or by signs posted at each entrance to the park. Id. at 263.
 {¶ 18} In the present case, we find there was sufficient evidence to support Appellant's conviction of criminal trespass and that Appellant was aware of the restrictions to the use of the bike path. First, Deputy Tankersley and Sergeant Evans testified there are signs posted at the entrances to the bike path at Swans Road and Dayton Roads stating, "Dusk to Dawn Curfew Enforced." (T. 13, 28). Second, Appellant testified that he entered the bike path at the Swans Road entrance. (T. 33). *Page 6 
Third, Appellant testified that he had walked on the bike path before during daylight hours. (T. 37). We find there is sufficient evidence to show that at Appellant's point of entry at Swans Road there was some form of communication of restrictions upon the use of the bike path.
 {¶ 19} Based on our review of the record, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Appellant knowingly entered the bike path during the evening hours, the use of which is restricted to the daylight hours. We further find that the trial court, in convicting Appellant, did not lose its way so as to create a manifest miscarriage of justice.
 {¶ 20} Appellant's first and second Assignments of Error are overruled.
 {¶ 21} The judgment of the Licking County Municipal Court is affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant. *Page 1