[Cite as *State v. Huston*, 2018-Ohio-2818.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-08-012 |
| | : | O P I N I O N |
| - vs - | | 7/16/2018 |
| | : | |
| GEORGE S. HUSTON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 16-500-300

Richard W. Moyer, Clinton County Prosecuting Attorney, Lindsey M. Fleissner, 103 East Main Street, Wilmington, OH 45177, for plaintiff-appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, OH 45065, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, George S. Huston, appeals from his conviction in the Clinton County Court of Common Pleas after he pled no contest to single counts of burglary and attempted aggravated arson. For the reasons outlined below, we reverse in part and remand this matter to the trial court to issue the necessary nunc pro tunc judgment entries to correct the clerical errors in the trial court's applicable judgment entries of plea and

sentence. In all other respects, we affirm the trial court.

{¶ 2} On October 4, 2016, two complaints were filed with the Clinton County Municipal Court charging Huston with burglary and attempted aggravated arson, both third-degree felonies. As it relates to the complaint charging Huston with attempted aggravated arson, the complaint stated the following:

> Complainant being duly sworn states that George Sam Huston at 1079 SR 134 S Wilmington, Clinton County, Ohio on or about October 03, 2016, did purposely or knowingly and with sufficient culpability for commission of a violation of Section 2909.02A2 of the Revised Code engage in conduct that if successful would constitute or result in a violation of Section 2909.02A2 of the Revised Code; to wit Aggravated Arson (did by means of fire or explosion knowingly cause physical harm to 1079 SR 134 South and [sic] occupied structure).

{¶ 3} Attached to the complaint was an affidavit in support authored by Patrol Officer Anthony Mitchell of the Wilmington Police Department. As part of this affidavit, Officer Mitchell stated he was dispatched to a home located on State Route 134 where he noticed the glass front door shattered and Huston sitting on the porch with "blood all over him." Officer Mitchell also noticed Huston had two bottles of alcohol, specifically "a bottle of Not Your Father's Root Beer and Zabu Nore D'avola Red Wine." Investigating the matter further, Officer Mitchell averred that a check of the home led to the discovery of tiki torch oil splattered on the front porch, kitchen, and mud room areas. Continuing, Officer Mitchell averred:

> Huston was advised of his rights per-miranda [sic] and asked about the incident. Huston advised Darlene asked him to come in. So he walked through the front door and left with a bottle of wine. Detective Riley arrived on scene and processed the scene. A piece of Huston's shirt was located near the mud room covered in the Tiki Torch fluid. There was also a light[er] located next to the shirt. Upon further investigation, units observed the shirt had been on fire. There were marks observed along the bottom of the door and up the door jam of the mud room.

{¶ 4} Officer Mitchell stated that after conferring with the Clinton County

Prosecutor's Office, Huston was arrested and transported to the Clinton County Jail where he was booked on charges of burglary and attempted aggravated arson.

{¶ 5} On October 24, 2016, the Clinton County Grand Jury returned an indictment charging Huston with the same burglary and attempted aggravated arson offenses alleged in the complaint previously filed with the Clinton County Municipal Court. As relevant to this appeal, the portion of the indictment charging Huston with attempted aggravated arson stated the following:

> **THE JURORS OF THE GRAND JURY** of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 3rd day of October, 2016, at Clinton County, Ohio, George S. Huston, did knowingly and with sufficient culpability for commission of a violation of Aggravated Arson in violation of Section 2909.02(A)(2) of the Ohio Revised Code, engage in conduct that, if successful, would constitute or result in a violation of Aggravated Arson in violation of Section 2909.02(A)(2) of the Ohio Revised Code, in violation of Title 29, Sections 2923.02(A) of the Ohio Revised Code (Attempted Aggravated Arson, a felony of the third degree) and against the peace and dignity of the State of Ohio.

(Emphasis sic.)

{¶ 6} On November 8, 2016, Huston appeared at his arraignment hearing and entered a plea of not guilty to both the burglary and attempted aggravated arson charges. Several months later, on June 6, 2017, Huston appeared before the trial court for a change of plea hearing. At this hearing, the trial court reviewed the change of plea form signed by Huston, wherein Huston agreed to enter a plea of no contest to both the burglary and attempted aggravated arson charges. As part of this review, the trial court informed Huston of the rights he would be giving up by entering a plea of no contest, including the fact that he would be pleading no contest to burglary and attempted aggravated arson as charged. The trial court also informed Huston that by pleading no contest as opposed to guilty that "could or could not have some impact on sentencing because you're not acknowledging

- 3 -

responsibility, that is one of the factors the Court looks at in terms of remorse." The trial court, however, noted that "there," meaning the sentencing hearing, Huston would be "able to explain extenuating circumstances * * * that may be helpful to you."

{¶ 7} Following this review, the trial court asked Huston if there was anything that he did not understand, including the nature of the charges levied against him. Huston replied, "No, sir." Upon Huston informing the trial court that he did not have any questions regarding the nature of the charges against him, nor any questions regarding the maximum penalty he faced, the state then recited the following facts as it relates to the attempted aggravated arson charge:

> Finally, on the 3rd day of October, this defendant did knowingly – or did with sufficient culpability in the commission of a violation of aggravated arson in violation of 2909.02(A)(2) of the Ohio Revised Code did engage in conduct that if successful would constitute or result in a violation of aggravated arson.

{¶ 8} After the state's recitation of the facts, the trial court asked Huston if he heard the facts as alleged by the state. Huston replied, "Yes, sir." The trial court then asked Huston if he was "willing to admit those facts are true in the no contest plea?" Huston again replied, "Yes, sir." Admitting the facts alleged by the state as true, the trial court accepted Huston's no contest plea and found Huston guilty as charged upon finding Huston had entered his no contest plea knowingly, intelligently, and voluntarily. Although the record is clear that Huston entered a plea of no contest, the trial court thereafter issued a judgment entry of plea indicating Huston had pled guilty, not Huston's actual plea of no contest.

{¶ 9} On July 20, 2017, the trial court held a sentencing hearing and sentenced Huston to serve a total of 54 months in prison. The trial court also ordered Huston to pay restitution and court costs and notified Huston that he would be subject to an optional three-year postrelease control term. Again, although the record is clear that Huston entered a plea of no contest, the trial court issued a judgment entry of sentence, which the trial court

- 4 -

thereafter twice amended, again indicating Huston had pled guilty, not Huston's actual plea of no contest.

{¶ 10} Huston now appeals from his conviction, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY STATING APPELLANT ENTERED PLEAS OF GUILTY ON THE JUDGMENT ENTRY OF GUILTY AND JUDGMENT ENTRY OF SENTENCE.

{¶ 13} In his first assignment of error, Huston correctly notes the trial court improperly stated in its judgment entries of plea and sentence that he pled guilty, not his actual plea of no contest. Huston requests this court reverse and remand this matter to the trial court to issue nunc pro tunc judgment entries of plea and sentence to correct this clerical error. The state agrees this matter should be reversed and remanded so the trial court can issue the necessary nunc pro tunc judgment entries as Huston suggests. We also agree. *See, e.g., State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 46 (remanding to the trial court for correction of termination entry indicating appellant pled guilty rather than his actual plea of no contest); *State v. Smith*, 10th Dist. Franklin No. 13AP-592, 2014-Ohio-712, ¶ 7 (remanding to the trial court for correct designation of plea that had actually occurred). Therefore, Huston's first assignment of error is sustained. On remand, the trial court shall issue the necessary nunc pro tunc judgment entries to correct the clerical errors in the trial court's applicable judgment entries of plea and sentence to note Huston pled no contest.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING APPELLANT GUILTY OF COUNT II [ATTEMPTED AGGRAVATED ARSON]

BASED UPON STATE'S DEFECTIVE INDICTMENT AND RECITATION OF FACTS.

{¶ 16} In his second assignment of error, Huston argues the trial court erred by finding him guilty of attempted aggravated arson when such a finding was in violation of both Crim.R. 7(B) and 11(C)(2)(a). Specifically, Huston argues a review of the indictment and the trial transcript of his plea hearing indicates the trial court did not provide him "notice of the nature of the charge in Count II [attempted aggravated arson] sufficient to meet the requirements of Criminal Rules 11 and 7." We disagree.

{¶ 17} Huston initially argues the trial court erred by finding him guilty in violation of Crim.R. 7(B) because the portion of the indictment charging him with attempted aggravated arson "does not state with particularity any element of the offense the State would be required to prove at trial." However, as a simple review of the record reveals, the indictment specifically referenced both R.C. 2909.02(A)(2) and 2923.02(A) and tracked the necessary statutory language to properly bring a charge of attempted aggravated arson. "[A]n indictment that tracks the language of the charged offense, that identifies an underlying offense by reference to the statute number, such as the case here, is not defective for it provides the defendant with adequate notice of the charges pending against him." *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 9. Therefore, contrary to Huston's claim otherwise, "[a]n indictment is not 'required to list the precise actions which constitute an offense.'" *State v. Kolvek*, 9th Dist. Summit Nos. 28141 thru 28145, 2017-Ohio-9137, ¶ 5, quoting *State v. Brust*, 4th Dist. Pike No. 95CA551, 1995 Ohio App. LEXIS 5681, *18 (Nov. 20, 1995). If Huston wanted to know the specific conduct alleged to support the attempted aggravated arson charge, Huston could have requested a bill of particulars. There is no bill of particulars in this case.

{¶ 18} Huston also argues the portion of the indictment charging him with attempted aggravated arson was defective because it "referred only to Clinton County," and not the

specific address of the home that he attempted to burn down. However, the fact that that portion of the indictment referred only to "Clinton County" is of no consequence and fully complies with the requirements of R.C. 2941.03(D), which provides that "[a]n indictment or information is sufficient if it can be understood therefrom * * * [t]hat an offense was committed at some place within the jurisdiction of the court[.]" *See, e.g., State v. Syed*, 9th Dist. Medina Nos. 17CA0013-M and 17CA0014-M, 2018-Ohio-1438, ¶ 46 (finding sufficient an indictment listing the location where the crime occurred as "Medina County"). "Such a statement as to the location where a crime occurred is entirely sufficient." *State v. Brust*, 4th Dist. Pike No. 95CA551, 1995 Ohio App. LEXIS 5681, *18 (Nov. 20, 1995), citing R.C. 2941.03(D). Therefore, because the portion of the indictment charging Huston with attempted aggravated arson complied with the requirements of Crim.R. 7(B), Huston's first argument is without merit.

{¶ 19} Huston next argues the trial court erred by finding him guilty in violation of Crim.R. 11(C)(2)(a), which, as relevant here, prohibits a trial court from accepting a no contest plea without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" As previously noted by this court, in order for a trial court to determine that a defendant is entering a plea with an understanding of the nature of the charge, "[t]he trial court need not advise the defendant of the elements of the crimes; rather, it is sufficient if the totality of the circumstances warrant the trial court in making a determination the defendant understands the charges." *State v. Goens*, 12th Dist. Butler No. CA2005-06-174, ¶ 10; *State v. Singh*, 141 Ohio App.3d 137, 141 (11th Dist.2000), citing *State v. Rainey*, 3 Ohio App.3d 441, 442 (10th Dist.1982).

{¶ 20} After a thorough review of the record, we find the trial court went to great lengths to ensure Huston was entering his no contest plea knowingly, intelligently, and

voluntarily with a full understanding of the nature of the charge at issue, attempted aggravated arson, and the maximum possible penalty involved. This included a detailed line-by-line review of the change of plea form Huston admittedly reviewed and signed after consulting with his attorney. Huston never indicated he did not understand the nature of the charge against him, nor is there anything in the record to indicate Huston did not so understand. Rather, as the record indicates, Huston acknowledged that he understood the charges, that he had gone over "everything" with his trial counsel, and that he would "just like to get this stuff over with" by entering his no contest plea.

{¶ 21} "Appellate courts have found that trial courts substantially complied with their duty to determine that the defendant understands the charge in a wide variety of ways. For example, if the indictment is read into the record, substantial compliance can be shown." Goens at ¶ 13. Again, as the state noted on the record during the plea hearing regarding the attempted aggravated arson charge:

> Finally, on the 3rd day of October, this defendant did knowingly – or did with sufficient culpability in the commission of a violation of aggravated arson in violation of 2909.02(A)(2) of the Ohio Revised Code did engage in conduct that if successful would constitute or result in a violation of aggravated arson.

{¶ 22} This language, albeit more concise, mirrors that of the indictment charging Huston with attempted aggravated arson, thereby establishing substantial compliance with Crim.R. 11(C)(2)(a) requiring the trial court to determine Huston understood the nature of the charges levied against him. Huston's argument to the contrary lacks merit.

{¶ 23} Although not separately argued as part of his brief, *see* App.R. 12(A)(2), Huston states as part of this assignment of error that the trial court erred by finding him guilty due to a "defective indictment and recitation of facts." As noted above, we find the indictment in this case is in no way defective. Moreover, contrary to Huston's claim otherwise, "if the charging instrument stated facts constituting a crime," such as the case

here, "the absence of a recitation of these operative facts during the plea colloquy is not fatal to the state." *State v. Bowsher*, 116 Ohio App.3d 170, 172 (6th Dist.1996). That is exactly what occurred here. That is because, as this court has stated previously, "an indictment that tracks the language of the charged offense, that identifies an underlying offense by reference to the statute number, such as the case here, is not defective for it provides the defendant with adequate notice of the charges pending against him." *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 9.

{¶ 24} In so holding, we note that "[a]lthough best practice might include a recitation of the circumstances of the offense, Crim. R. 11(C)(2)(a) merely requires that the trial court determine that the defendant who is tendering a plea of guilty or no contest understands the nature of the charge or charges to which he is pleading." *State v. Kruger*, 2d Dist. Miami No. 2005-CA-19, 2006-Ohio-2361, ¶ 41. Nothing in the record indicates Huston did not understand the nature of the charge at issue here. This is particularly true here when considering the affidavit in support of the complaint filed with the with the Clinton County Municipal Court, which, as noted above, contained the following as it relates to the underlying facts giving rise to the attempted aggravated arson charge:

> While checking the residence there was Tiki Torch fluid observed on the floor of the front porch, kitchen, and mud room areas. Huston was advised of his rights per-miranda [sic] and asked about the incident. Huston advised Darlene asked him to come in. So he walked through the front door and left with a bottle of wine. Detective Riley arrived on scene and processed the scene. A piece of Huston's shirt was located near the mud room covered in the Tiki Torch fluid. There was also a light[er] located next to the shirt. Upon further investigation, units observed the shirt had been on fire. There were marks observed a long [sic] the bottom of the door and up the door jam of the mud room.

{¶ 25} "Unlike with respect to a misdemeanor offense to which a plea of no contest is entered, the [trial] court is not required to have before it a statement of the particular

conduct constituting the alleged offense when it accepts a defendant's plea of no contest to a felony charge." *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, ¶ 6 (2d Dist.). However, where the state presents a statement of facts that "not only fails to include, *but absolutely negative[s] the existence of*, an essential element of the offense charged in the indictment," it is error for the trial court to find a defendant guilty based upon a plea of no contest. (Emphasis sic.) *State v. Cohen*, 60 Ohio App.2d 182, 184 (1st Dist.1978). That is simply not the case here for nothing about the state's recitation of facts absolutely negated the existence of an essential element of the attempted aggravated arson charge.

{¶ 26} "[W]hen a defendant pleads no contest, he admits to 'the truth of the facts alleged in the indictment.'" *State v. Geiger*, 10th Dist. Franklin No. 15AP-1120, 2016-Ohio-7571, ¶ 17, quoting Crim.R. 11(B)(2). In turn, "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty." *State v. Bird*, 81 Ohio St.3d 582, 584 (1998), citing *State ex rel. Stern v. Mascio*, 75 Ohio St. 3d 422, 425 (1996). Therefore, because the portion of indictment in this case charging Huston with attempted aggravated arson contains sufficient allegations to properly charge Huston with attempted aggravated arson, a third-degree felony, we find no error in the trial court's decision finding Huston guilty upon him entering a plea of no contest to that charge. Accordingly, having found no merit to any of the arguments raised by Huston herein, Huston's second assignment of error is overruled.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded to the trial court to issue the necessary nunc pro tunc judgment entries to correct the clerical errors in its applicable judgment entries of plea and sentence to note Huston entered a plea of no contest and not a plea of guilty.

M. POWELL, J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 28} The proper resolution of Huston's second assignment error requires the no contest plea to attempted aggravated arson be vacated and renders Huston's first assignment of error moot. Therefore, with respect for the opinion of my colleagues, I must dissent from the above opinion for the following reasons.

{¶ 29} Before entering his no contest plea, Huston was informed by the court on numerous occasions that Huston would not be admitting to guilt of the crimes charged, but instead would only be admitting the truth of the facts. The trial court informed Huston that it would have the assistant prosecutor "recite the facts supporting each of the charges."

{¶ 30} Being the routine practice throughout Ohio, the trial court was entirely correct in its intended procedure as explained to Huston. Despite the majority's persistent representation that the state presented a statement of facts, such simply did not occur. The majority goes on to hold "[i]f Huston wanted to know the specific conduct alleged to support [his charges], Huston could have requested a bill of particulars." This suggestion by the majority contains a concession that Huston was not made aware of the facts that were operative to the elements as listed in the indictment prior to his plea.

{¶ 31} The trial court thoroughly explained a guilty plea is different than a no contest plea because a guilty plea admits guilt of the crime and a no contest plea only admits the truth of the facts. The majority opinion herein suggests that an indictment which attempts to track the statutory elements of a crime is the same as alleging the facts specific to the offense. I respectfully disagree with this suggestion. Were this to be true, there would be little meaningful difference in a no contest plea admitting the facts alleged and a guilty plea

- 11 -

which admits guilt of the generic elements of a crime found in the Ohio Revised Code. The Revised Code consists only of the legal elements comprising an offense, not the facts which caused the legal elements to take place.

{¶ 32} When the facts of the case are recited and the defendant appeals following a no contest plea, the defendant can appeal and obtain a reversal if the recited facts do not support the offense. Grounds for appeal may also exist if the only facts produced are in the indictment and it fails to allege sufficient facts to constitute an offense. Katz, Martin, Lipton, Gianelli and Croker, *Baldwins Ohio Practice Criminal Law*, Section 80:21 (3d Ed.2014).

{¶ 33} After emphasizing to Huston he would only be admitting the facts recited by the prosecutor, the situation was compounded by the trial court's representation to Huston that he would be "able to explain extenuating circumstances." Not only were no facts presented to Huston prior to entering his no contest plea, he was never given an opportunity to explain the circumstances he thought were extenuating. The majority fails to address the procedure which occurred and gives no significance to the trial court's representations and their failure to occur.

{¶ 34} When the trial court asked the state to recite the facts involved in Huston's offense, the assistant prosecutor only placed in the record that Huston had engaged in conduct which if successful would have resulted in a violation of R.C. 2909.02(A)(2); aggravated arson. The assistant prosecutor placed *no facts* in the record relating to Huston's conduct in his attempt, nor any facts particular to the aggravated arson. This was violative of Crim.R. 11 and was not how the trial court explained the proceedings would unfold.[1]

---

1. We need only ask ourselves, what *factually* did Huston do to attempt an aggravate arson? After the state's recitation, the answer remains silent. The majority suggests that an affidavit found in the file acts as a substitute or supplement to the state's recitation; there is no case law that would support this proposition in light of the trial court's explanations given to Huston prior to his plea.

{¶ 35} With no facts in the indictment pertaining to Huston's commission of an attempted aggravated arson, Huston's no contest plea proceedings circumscribed Crim.R. 11(B)(2). This process impermissibly undermined Huston's ability to understand and be informed because it contradicted what the trial court told Huston. Similarly, informing Huston that the proceedings would occur in a precise manner, and then permitting the proceedings to occur differently, violated Huston's right to due process which trial courts are inherently charged with providing.

{¶ 36} The majority opinion isolates arguments in Huston's brief from the context of Huston's assignment of error and thereby misconstrues the assignment of error. Dissecting Huston's arguments from the context of the assignment of error does little to serve our appellate review. Even if Huston's arguments are difficult to follow, our role is to decide the assignment of error. *See State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, citing App.R. 12(A)(1)(c).

{¶ 37} Huston's assignment of error is not premised on the indictment being insufficient to give Huston notice of what the charges were against him. Nor is it based on the state's compliance with R.C. 2941.03(D). Nor is it about Huston's understanding the nature of the criminal charge or the absence of a colloquy regarding the plea form. The majority addresses all these issues well, citing an abundance of cases all of which are outside the context of a no contest plea or otherwise are dramatically different in their facts.

{¶ 38} Huston's assignment of error is clear: no contest proceedings are not valid when there were *no factual averments* either in the indictment or recited by the prosecutor prior to the no contest plea being accepted. Merely concluding that Huston attempted a commission of R.C. 2909.02(A)(2) is not a factual recitation of his alleged conduct. While many indictments do contain factual representations, the indictment herein did not. Even more troubling is that the indictment contained incomplete language in providing the

elements for the type of aggravated arson attempted. Therefore, it was error for the trial court to accept Huston's plea of no contest. Crim.R. 11.[2]

{¶ 39} Generally, an indictment in Ohio avers material facts constituting the elements of the offense. *Geboy v. Brigano*, 489 F.3d 752 (6th Cir.2007) citing *State v. Sellards*, 17 Ohio St.3d 169 (1985). While many indictments contain facts and others do not, the generic statutory elements considered alone in the abstract are not facts particular to a defendant or the occurrence of a specific offense. Technically, elements constituting a criminal offense do not need to contain operative facts to meet the minimum requirements of sufficiency for purposes of an indictment. R.C. 2941.03 thru 2941.06

{¶ 40} However, when indictments only allege a general, generic statutory violation, the defendant can resort to a bill of particulars ensuring he is apprised of the conduct he is accused of having committed. For purposes of a no contest plea, tracking the general legal elements of an offense and simply referring to a code section fails to give a defendant an awareness of the facts he is admitting in his plea. It is reversible error to proceed with sentencing on a no contest plea where the statement of facts is nonexistent or otherwise "incontestably deficient." *State v. Cohen*, 60 Ohio App.2d 182 (1st Dist.1978). Here, there were no facts given and therefore, the state's recitation was "incontestably deficient."

{¶ 41} The majority construes *Cohen* for the proposition that the facts given in a no contest plea must negate a material element of the offense before being reversible error. The majority's application of *Cohen* is misguided because *Cohen* acknowledges that an *omission* of facts can negate a material element of the offense, thereby comprising reversible error.

---

2. The indictment failed to list all the statutory elements as well as any facts revealing the type of aggravated arson which was attempted or how it was attempted. The failure to list the elements of an underlying felony can be rectified where the bill of particulars remedies the defective indictment. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 31. Unfortunately, here the court was given no facts on the record by way of bill of particulars or otherwise.

{¶ 42} It is well accepted, as the majority references, that a no contest plea "is an admission of the truth of the facts alleged in the indictment." *State v. Bird*, 81 Ohio St.3d 582, 584 (1998). However, if no facts are recited in a felony case, this proposition of law requires that facts be contained within the indictment in order to support a conviction based upon a no contest plea. Keep in mind however, here, Huston was specifically told the state would recite the facts which he would be admitting. Not only is the indictment lacking in elements of the alleged offense, as pointed out by appellant in his brief, but *no facts* of Huston's conduct were recited prior the no contest plea.[3]

{¶ 43} The majority determines that an indictment which "tracks the language" of the Ohio Revised Code is sufficient for purposes of a no contest plea. The cases cited by the majority however, regarding black letter law, for the sufficiency of an indictment, *Clements*, *Kovack*, and *Brust*, do not involve no contest plea proceedings. In *Clements*, *Kovack*, and *Brust*, the defendants each had a trial and the issues generated were much different than the assignment of error presented herein.

{¶ 44} Similarly, the cases relied upon by the majority regarding a defendant's understanding as to the nature of his charges are also of little assistance in that they do not involve no contest proceedings with an allegation of insufficient facts. *State v. Goens*, 12th Dist. Butler No. CA2005-06-174, ¶ 10 (prosecutor read detailed statement of facts); *State v. Singh*, 141 Ohio App.3d 137, 141 (11th Dist.2000) (involved an explanation to non-English speaking defendant regarding constitutional and nonconstitutional rights in guilty plea proceeding); and *State v. Rainey*, 3 Ohio App.3d 441, 442 (10th Dist.1982) (prosecutor

---

3. "A *no contest* plea admits only the truth of the *facts* alleged in the *indictment* * * *" and where the indictment did not allege any serious physical harm as a part of the robbery charge it was faulty to the consequence of the defendant being denied procedural due process because the only way the court could determine such element was factually established was if judicial factfinding occurred which is not permissible in conjunction with a no contest plea *State v. Wilson*, 11th Dist. Lake No. 2016-L-039, 2018-Ohio-902, ¶ 119 (Cannon, J., dissenting in part and concurring in part). (Emphasis sic.)

described the offense as having been committed with a firearm and "recited the facts" giving rise to defendant's indictment for murder).

{¶ 45} The majority goes to great lengths to find a defendant's no contest plea is entered "voluntarily" where the defendant is denied the opportunity to hear on the record the facts he is admitting and denied the opportunity to address the extenuating circumstances. Both representations by the trial court were inducements understood by Huston prior to his plea. I find the denial of procedure misguided and violative of Crim.R. 11(C)(2)(a) and (b).

{¶ 46} Contributing to the absence of reasoning in affirming Huston's no contest proceedings is the majority's reference to an affidavit found in the file. This affidavit was not involved in the no contest proceedings, nor is there any indication it was shown to Huston as the facts he would be admitting. The state's brief attributes no significance to this affidavit relied upon by the majority and there is no indication the trial court considered it when finding Huston guilty.

{¶ 47} Further, the majority relies upon *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, (2d Dist.) for the proposition that a felony no contest plea requires no facts *be verbally recited*. Significant in *Cooper*, however, is the fact that "at the plea proceeding the prosecutor proffered a copy of the police investigative report of Defendant's offense." *Id.* at ¶ 7. In other words, the trial court had factual content of the defendant's conduct entered into the no contest proceedings thereby making it unnecessary for the state to verbally recite what was in the report.

{¶ 48} A perfunctory process such as the one herein violates Crim.R. 11 because it negates a significant difference between pleading guilty to a statutory offense as charged and pleading no contest, not to the statutory offense charged, but to the truth of the facts either as they are found in the indictment or as recited prior to the plea. A no contest plea

does not dispense with the need for a subsequent finding of guilty to be based upon the facts of the offense rather than the generic elements of the offense as summarily quoted from the Ohio Revised Code.

{¶ 49} Therefore, Huston's assignment of error complaining of the lack of any facts in the indictment and in the state's recitation is well-taken. Huston was told he would hear a recitation of facts in court prior to entering his plea; he should receive no less. Additionally, Huston was told that he could respond to those facts and explain the extenuating circumstances; he should have been afforded that opportunity. While the majority opinion today may reduce the time and attention in Ohio courtrooms given to the details of a no contest plea, it does little for the procedural rights Ohio courts have previously stood steadfast in protecting. The lack of due process accorded Huston's plea renders such invalid as to the charge of attempted aggravated arson and the matter should be reversed and remanded for further proceedings accordingly.