[Cite as *State v. Edmonson*, 2024-Ohio-4831.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-04-024 |
| | : | O P I N I O N |
| - vs - | | 10/7/2024 |
| | : | |
| CHARLES R. EDMONSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2023 CR 000662

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Charles R. Edmonson, appeals the decision of the Clermont County Court of Common Pleas accepting his no contest plea to a charge of fourth-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(1). For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On October 26, 2023, the Clermont County Grand Jury returned an

indictment charging Edmonson with nine counts of third-degree felony sexual battery in violation of R.C. 2907.03(A)(5). Several months later, on March 6, 2024, Edmonson entered into a plea agreement with the state and thereafter entered no contest pleas to two amended charges of fourth-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(1). That statute provides, in pertinent part, that no person shall have "sexual contact" with another person in circumstances where "[t]he offender purposely compels the other person . . . to submit by force or threat of force." The term "sexual contact" is defined by R.C. 2907.01(B) to mean "any touching of an erogenous zone of another," including the genitals or buttocks, "for the purpose of sexually arousing or gratifying either person."

{¶ 3} The two charges to which Edmonson pled no contest were originally set forth in Counts 1 and 9 of the indictment. The following is the state's recitation of facts as it relates to those two charges.

> In Count I, the Defendant, on or about the time period of January 5th, 2020 through January 4 of 2022, in Clermont County, Ohio, did have sexual contact with J.E., not his spouse, who was 16 and 17 years old during that period and was adopted son of the defendant. The Defendant did purposely compel J.E. to submit by force or threat of force. Specifically during that time period, the Defendant did by force or threat of force when having influence over his son, as he was J.E. 's adoptive father, touch the anus of J.E.

> In Count IX, on or about the time period of August 2, 2022, the Defendant did have sexual contact with J.E., not his spouse, who was 18 years old at that time and the adopted son of the Defendant. The Defendant did purposely compel J.E. to submit by force or threat of force. Specifically on this date at East Fork State Park listed at 2837 Old State Route 32, Batavia, in Clermont County, Ohio, the Defendant did by force or threat of force when having influence over his son, as he was J.E. 's adoptive father, touch the penis of J.E.

{¶ 4} Following the state's recitation of facts, the trial court asked Edmonson's trial counsel if he wished to add anything with respect those facts. To this, Edmonson's

trial counsel responded, "The only thing I would add, Judge, is the force is due to the nature of the relationship my client being the adoptive father of the victim in this case, not anything else." The trial court then turned to Edmonson and asked if he had "any dispute with those facts." Edmonson responded, "No, sir." The trial court then asked Edmonson if he understood that, by entering a plea of no contest, that would serve as "an admission of those facts." Edmonson responded, "Yes, sir." The trial court then asked Edmonson how he wished to plead, following which Edmonson entered no contest pleas to both charges. The trial court accepted Edmonson's no contest pleas and, based upon the state's recitation of the facts, found Edmonson guilty of both offenses.

{¶ 5} Upon accepting Edmonson's pleas of no contest, the trial court then immediately proceeded to sentencing and sentenced Edmonson to an agreed upon recommended sentence of 36 months in prison, consisting of two consecutive 18-month prison terms, less 90 days of jail-time credit. The trial court also classified Edmonson as a Tier I sex offender and notified Edmonson that, upon his release from prison, he would be subject to a mandatory five-year postrelease control term. Edmonson filed an appeal on April 2, 2023. Following briefing, this case was submitted for this court's consideration on September 5, 2024. Edmonson's appeal now properly before this court for decision, Edmonson has raised one assignment of error for review.

**Edmonson's Appeal and Single Assignment of Error**

{¶ 6} Within his single assignment of error, Edmonson argues the trial court erred by finding him guilty of the amended gross sexual imposition charge as originally set forth in Count 9 of the indictment. Specifically, Edmonson argues the trial court erred by finding him guilty of that charge because the state's recitation of facts, which he admitted to on the record following a "clarification" from his defense counsel, completely "negated" the "force element" necessary to establish a violation of R.C. 2907.05(A)(1) had occurred on

or about August 2, 2022. According to Edmonson, this is because the victim, J.E., was no longer a minor at the time that offense was alleged to have occurred; J.E. was instead an adult, having reached the age of majority sometime between the dates alleged in Counts 1 and 9. Therefore, because J.E. had reached the age of majority for purposes of Count 9, Edmonson claims the state's recitation of facts needed to allege that he had either engaged, or threatened to engage, in some overt act of physical "violence, compulsion, or constraint" against J.E. Accordingly, because the state's recitation of facts did not include any reference to physical force, but only to force that was subtle and psychological, Edmonson argues the trial court erred by accepting his no contest plea to Count 9. We disagree.

**{¶ 7}** A trial court is not required to have before it a statement outlining the specific conduct constituting the alleged offense when it accepts a defendant's no contest plea to a felony. *State v. Huston*, 2018-Ohio-2818, ¶ 25 (12th Dist.). This is because, in accordance with Crim.R. 11(B)(2), when a defendant enters a plea of no contest, the defendant is admitting to the truth of the facts alleged in the indictment, information, or complaint. *State v. Geiger*, 2016-Ohio-7571, ¶ 17 (10th Dist.). Therefore, "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty." *State v. Bird*, 81 Ohio St.3d 582, 584, 1998-Ohio-606.

**{¶ 8}** There is an exception to this rule, however. *State v. Williams*, 2016-Ohio-7777, ¶ 11 (8th Dist.). That is, in circumstances where the state "presents a statement of facts that negates an essential element of the charge." *State v. Bullard*, 2013-Ohio-3313, ¶ 15 (12th Dist.). When that occurs, "it is error for the trial court to find a defendant guilty based upon a plea of no contest." *Huston*, citing *State v. Cohen*, 60 Ohio App.2d 182, 184 (1st Dist. 1978). Accordingly, although the state's recitation of facts may omit certain

fundamental facts, "the trial court may not find a defendant guilty based on his no contest plea if the state's statement of facts *absolutely negates* the existence of an essential element of the offense." (Emphasis in original.) *State v. Woolridge*, 2000 Ohio App. LEXIS 4639, *6 (12th Dist. Oct. 6, 2000).

**Analysis**

{¶ 9} On appeal, "we must examine the statement of facts to determine whether the prosecutor's statement absolutely negated 'an essential element of the crime,' which could overturn the conviction." *Id.* at *7. Upon conducting such an examination, we find the state's recitation of facts did not completely negate the "force element" necessary to establish that a violation of R.C. 2907.05(A)(1) had occurred so as to support Edmonson's conviction on Count 9. Contrary to Edmonson's claim, the state's recitation of facts merely set forth the type of force and influence that Edmonson had over the victim, J.E., his adopted son, and how Edmonson, as J.E.'s adoptive father, was able to use his influence over J.E. to engage in sexual contact with J.E. over a period of several years, both before and after J.E. reached the age of majority. The fact that Edmonson may not have used— or, more accurately, claimed that he did not use—any overt act of physical "violence, compulsion, or constraint" against J.E. when committing the offense does not completely negate the "force element" necessary to establish the fact that a violation of R.C. 2907.05(A)(1) had occurred. This is because, as is now well established, "[a] victim is not required to prove physical resistance for the offender to be guilty of gross sexual imposition." *State v. Wine*, 2012-Ohio-2837, ¶ 41 (3d Dist.). This holds true even in circumstances where the offender has an established parental relationship with the victim. *Id.* at ¶ 49.

{¶ 10} Rather, all that needs to be shown is that the victim's will was overcome by fear or duress. *State v. Eskridge*, 38 Ohio St.3d 56, 59 (1988), citing *State v. Martin*, 77

Ohio App. 553, 554 (9th Dist. 1946); *but see State v. Schaim*, 65 Ohio St.3d 51, paragraph one of the syllabus (1992) (distinguishing *Eskridge* holding, "a pattern of incest will not substitute for the element of force where the state introduces no evidence that an adult victim believed that the defendant might use physical force against her"). Such is the case here given the fact that, by Edmonson entering a no contest plea to Count 9, Edmonson admitted that he had purposely compelled J.E. to submit by force or threat of force when, having influence over J.E. as his adoptive father, Edmonson touched J.E.'s penis. "[T]he type and amount of force necessary to purposefully compel a victim to submit 'by force or threat of force' depends upon the victim and offender's relationship." *Wine* at ¶ 41, citing *State v. Pordash*, 2004-Ohio-6081, ¶ 12 (9th Dist.) ("[t]he relationship of the parties is a relevant fact when examining whether the element of force has been proven").

{¶ 11} Here, the relationship between the offender, Edmonson, and victim, J.E., was an established parental relationship. Therefore, given their familial relationship, Edmonson was clearly in a position of authority over J.E., a position that Edmonson used to engage J.E. in sexual contact. *See Wine* at ¶ 42, citing *State v. Labus*, 102 Ohio St.3d 38-39 (1921) (discussing how "threats, fright, intimidation and the like, coupled with the unnatural and atrocious act" of a father sexually abusing his underage daughter provided "overwhelming" evidence to satisfy the force element necessary to sustain appellant's conviction for rape). This did not change simply because J.E. reached the age of majority sometime between when Counts 1 and 9 were alleged to have occurred. To the extent Edmonson claims otherwise, such argument lacks merit.

**Conclusion**

{¶ 12} For the reasons outlined above, and finding no merit to any of the arguments raised by Edmonson herein, including Edmonson's claim that the state's

recitation of facts completely "negated" the "force element" necessary to establish a violation of R.C. 2907.05(A)(1), Edmonson's single assignment of error lacks merit and is overruled.

**{¶ 13}** Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.