The STATE of Ohio, Appellee,

v.

COOPER, Appellant.

[Cite as *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21344.

Decided Aug. 4, 2006.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Jon C. Marshall, Assistant Prosecuting Attorney, for appellee.

Tara C. Dancing, for appellant.

GRADY, Presiding Judge.

{¶ 1} Defendant, Donald Cooper, appeals from his conviction and sentence on a charge of burglary, R.C. 2911.12(A)(3), a felony of the third degree. That section provides:

{¶ 2} "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an

occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶ 3} Cooper was convicted on his plea of no contest, which was an admission that the facts alleged in his indictment are true. Crim.R. 11(B)(2). The court may accept the plea if the conditions of Crim.R. 11(C) are satisfied, and if it accepts the plea, the court must find the defendant guilty if the facts alleged in the indictment are sufficient in law to demonstrate the offense alleged. *State v. Bird* (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013.

{¶ 4} Cooper does not dispute that the conditions of Crim.R. 11(C) were satisfied, or that the charges stated in the indictment were sufficient in law to support the court's finding of guilt. Rather, Cooper presents the following assignment of error:

{¶ 5} "The trial court committed prejudicial error by finding defendant guilty after defendant's no contest plea when the state's statement of facts negated an essential element of the crime of burglary."

{¶ 6} Unlike with respect to a misdemeanor offense to which a plea of no contest is entered, the court is not required to have before it a statement of the particular conduct constituting the alleged offense when it accepts a defendant's plea of no contest to a felony charge. However, if the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment. *State v. Wooldridge* (Oct. 6, 2000), Montgomery App. No. 18086, 2000 WL 1475699; *State v. Lowe* (Mar. 24, 1995), Miami App. No. 93–CA–54, 93–CA–55, 1995 WL 127890; *State v. Cohen* (1978), 60 Ohio App.2d 182, 14 O.O.3d 142, 396 N.E.2d 235.

{¶ 7} The plea proceeding was transcribed in the video medium. The defendant-appellant has not presented a written or typed portion of the transcript portraying the error he assigns, which App.R. 9(A) requires. However, the parties agree that at the plea proceeding, the prosecutor proffered a copy of the police investigative report of defendant's offense. A copy of that report is attached to the state's brief. Therefore, without objection, we will consider the report and its contents to be the statement of facts that was before the court.

{¶ 8} The police report is lengthy and does not bear recitation in its entirety. However, it contains the following facts relevant to the error defendant assigns:

{¶ 9} The defendant entered the United Dairy Farmers store at 1115 North Main Street in Dayton on August 7, 2005, shortly after midnight. The store was open to the public at that hour. The defendant walked to a closed door inside the

store that bore a sign reading, "Employees Only." Inside was an office area where cigarettes were also stored. The defendant opened the door, which was not locked, and went inside. Shortly after, he was found inside the room by a store employee. The defendant had two cartons of cigarettes in his backpack. The defendant fled, and as he did, the employee grabbed the two cartons from the defendant's backpack. The employee followed the defendant from the store and alerted a passing police officer, who arrested the defendant.

{¶ 10} Burglary, as it is defined by R.C. 2911.12(A)(3), requires a trespass. "Trespass" is defined by R.C. 2911.21(A), which states:

{¶ 11} "No person, without privilege to do so, shall do any of the following:

{¶ 12} "(1) Knowingly enter or remain on the land or premises of another;

{¶ 13} "(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard."

{¶ 14} The defendant argues that he could not have trespassed when he entered the United Dairy Farmer's store because it was open to the public at the time and, therefore, he had a privilege to enter. We agree. *State v. Kilgore* (June 16, 2000), Montgomery App. No, 17880, 2000 WL 770530. We also agree that, being thus privileged, the defendant's commission of a criminal offense once inside cannot convert his lawful entry to the store into an unlawful trespass. For example, a shoplifter who enters a store lawfully is a thief, not a burglar. *State v. Barksdale* (1983), 2 Ohio St.3d 126, 2 OBR 675, 443 N.E.2d 501. Again, we agree. However, all that is beside the point, because it was the defendant's conduct in entering the office where cigarettes were stored that constitutes a trespass.

{¶ 15} R.C. 2911.12(A)(3) prohibits "[t]respass * * * in a separately secured or separately occupied portion of an occupied structure," even when entry into the structure itself is lawful. In that circumstance, the state must prove that the defendant knew or should have known that by entering that portion of the occupied structure, he was in violation of rules limiting or prohibiting his access to or use of the space concerned. *Kilgore*. The duty to communicate such limitations is on the owner or occupier of the land or building. *State v. McMechan* (1988), 48 Ohio App.3d 261, 549 N.E.2d 211.

{¶ 16} The office/storage area that the defendant entered to steal cigarettes is separated from the public areas of the United Dairy Farmer's store by a door, which was closed. The door bore a sign reading, "Employees Only." That message prohibited entry by any other persons, who included the defendant. The message that the sign communicated put the defendant on notice that by

entering the room, he was in violation of a restriction against access that applied to him. Therefore, when he entered the space, he acted without privilege to enter a separately secured portion of an occupied structure, and his conduct was therefore a trespass as defined by R.C. 2911.21(A)(2). We find nothing in the statement of facts that the state presented that negates the element of trespass essential to the defendant's conviction for burglary, R.C. 2911.12(A)(3), on the plea of no contest to the indictment that the defendant entered.

{¶ 17} The assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF and FAIN, JJ., concur.