[Cite as *State v. Geiger*, 2016-Ohio-7571.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1120 |
| | | (C.P.C. No. 14CR-5148) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Travis L. Geiger, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 1, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellant. **Argued:** *John W. Keeling.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶1} Travis L. Geiger, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty, pursuant to a plea of no contest, of possession of cocaine, in violation of R.C. 2925.11, a first-degree felony; and tampering with evidence, in violation of R.C. 2921.12, a third-degree felony. Specifically, in this appeal, appellant contests the trial court's denial of his motions to suppress evidence.

{¶2} On the afternoon of December 6, 2013, Ryan Steele, a patrol officer with the Columbus Police Department, saw appellant in a parked car in an area known for drug

sales. Officer Steele radioed other officers to wait for appellant's vehicle to leave and then watch for a traffic violation. Appellant drove away and parked on another street. Officer Steele positioned his cruiser behind appellant's vehicle and approached appellant's vehicle. Officer Steele initially was going to engage in a consensual encounter with appellant but then saw the vehicle was parked in a no parking zone. Officer Steele asked appellant if he knew he was parked in a no parking zone and asked for appellant's identification. Appellant, a man who weighs approximately 400 pounds, asked Officer Steele if he could get out of the vehicle to retrieve his identification from the center console. Appellant got out of the vehicle and leaned inside. Officer Steele observed appellant remove a bag with a white substance from the center console. Officer Steele initially testified that he was standing behind appellant when he observed the bag but, on cross-examination, testified that he was in front of the vehicle and observed the bag through the front windshield. Steele then positioned himself to the rear of the driver's door and saw appellant's hand was empty. Steele could see the top of the bag in appellant's coat pocket. Steele was not certain about what the bag contained, so he asked appellant if he could search him, and appellant raised his hands, which Steele considered a manifestation of consent. Steele then retrieved the bag of cocaine from appellant's coat pocket.

{¶3} Appellant was indicted for possession of cocaine and tampering with evidence. On October 29, 2014, appellant filed three motions to suppress, seeking to (1) suppress evidence stemming from the search of his vehicle, (2) suppress evidence stemming from the search of his person, and (3) suppress any statements made during such searches. The trial court held a hearing on the motions to suppress, at which Steele, among others, testified. At a second hearing on the motions to suppress, the trial court decided to recall Steele at a later hearing to clarify his testimony. The trial court held a third hearing on the motions to suppress and, after receiving testimony from Steele, the court denied appellant's motions to suppress. Appellant subsequently entered a plea of no contest.

{¶4} On November 12, 2015, the trial court entered a judgment finding appellant guilty of possession of cocaine and tampering with evidence. The court sentenced appellant to 4 years of imprisonment on the possession of cocaine count and 12 months of

imprisonment on the tampering with evidence count, with the sentences to run concurrently. The court also imposed a fine of $10,000, a 24-month suspension of appellant's driving privileges, and 5 years of post-release control. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION[S] TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN INVESTIGATION AND DETENTION THAT EXCEEDED THE SCOPE OF THE GROUNDS JUSTIFYING THE INITIAL DETENTION, WHICH WAS TO ISSUE A PARKING CITATION.
>
> [II.] THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT GUILTY OF TAMPERING WITH EVIDENCE WHEN THE FACTS PRESENTED BY THE STATE INDICATED THAT THE DEFENDANT WAS NOT GUILTY OF THIS OFFENSE.

{¶5} Appellant argues in his first assignment of error that the trial court erred when it denied his motions to suppress evidence obtained as a result of an investigation and detention that exceeded the scope of the grounds justifying the initial detention, which was to issue a parking citation. An appellate review of a ruling on a motion to suppress evidence presents mixed questions of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of the trier of fact and is, therefore, in the best position to resolve questions of fact and evaluate witness credibility. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992); *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996). As a result, an appellate court must accept a trial court's factual findings if they are supported by competent and credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594 (4th Dist.1993). The reviewing court must then review the trial court's application of the law de novo. *State v. Russell*, 127 Ohio App.3d 414, 416 (9th Dist.1998).

{¶6} The State of Ohio, plaintiff-appellee, argues that appellant never raised an argument challenging the scope or duration of the detention in either his motions to suppress or the suppression hearings. The state claims these issues cannot be raised now for the first time on appeal, and, thus, appellant waived them for purposes of appeal. The state contends that appellant only argued at the hearings that Officer Steele's testimony

was not credible and there was no probable cause, while his generic motions challenged only the search of his car and the "stop and frisk" without any specific arguments as applied to the facts of this case.

{¶7} Crim.R. 12 provides, in relevant part, as follows:

(C) Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

* * *

(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

* * *

(H) Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.

{¶8} When a defendant seeks to suppress evidence, he must apprise the prosecutor of the grounds on which he challenges the validity of the evidence. *Xenia v. Wallace*, 37 Ohio St.3d 216, 218 (1988). The failure of a defendant to adequately specify the grounds for his motion to suppress evidence results in a waiver of that issue on appeal. *Id.* The defendant must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Id.* at paragraph one of the syllabus. The Supreme Court of Ohio has further held that a motion to suppress must "state with particularity the legal and factual issues to be resolved," thereby placing the prosecutor and court "on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Shindler*, 70 Ohio St.3d 54, 58 (1994).

{¶9} Here, appellant's motions to suppress raised no specific issues and were only general motions containing boilerplate language. At the hearings on the motions to suppress, neither party raised the prolonged detention issue in its opening or closing arguments. The only issues appellant's counsel raised at the three hearings were that Officer Steele's testimony was not credible due to inconsistencies in his testimony and the lack of probable cause. At the second hearing, appellant's counsel summarized his position by stating:

> All of this goes to the credibility and these other things of the officer's testimony in terms of this Court making a determination on probable cause. I think the officer's testimony is not credible. I think there was no probable cause. And I think that's the state of the evidence.

(July 16, 2015 Tr. at 11-12.)

{¶10} At the third hearing, during which Officer Steele was recalled as a witness by the court for clarification, appellant's counsel stated after the close of testimony:

> I think the bottom line is there was no probable cause for the actions of this officer. The officer's credibility has been extremely compromised because of all these different statements in the same hearing and then different statements today. I mean, who do we believe? What do we believe? We'd ask the Court to grant our motion.

(July 20, 2015 Tr. at 35.)

{¶11} In the trial court's oral pronouncement, the court did not make any reference to the prolonged detention issue appellant raises under this assignment of error. The trial court's decision was based on its belief that Officer Steele's testimony at the third suppression hearing was credible, and because he was able to observe the contraband, he had the right to take the contraband from appellant and proceed from there. Appellant never moved the trial court to amend his written motions to suppress to include the prolonged detention issue and did not attempt to establish "good cause" for relief from the waiver. Crim.R. 12(H).

{¶12} Furthermore, appellant cannot raise his prolonged detention argument for the first time in his appeal to this court. "It is well-settled law that issues not raised in the

trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13. This waiver rule applies to arguments not asserted either in a written motion to suppress or at a suppression hearing. *State v. Johnson*, 10th Dist. No. 13AP-637, 2014-Ohio-671, ¶ 14. Appellant never made that argument either in his written motions to suppress or at the suppression hearings. As noted above, the trial court also did not expressly consider that argument in ruling on appellant's motions to suppress. Accordingly, appellant waived this prolonged detention argument for purposes of this appeal by failing to raise it in the trial court in any manner.

{¶13} For the foregoing reasons, we find that appellant waived the prolonged detention argument by failing to raise it in his motions to suppress or at the suppression hearings. In addition, we find appellant waived the argument by raising it for the first time on appeal. Therefore, appellant's first assignment of error is overruled.

{¶14} Appellant argues in his second assignment of error that the trial court erred when it found he was guilty of tampering with evidence when the facts presented by the state at the plea hearing indicated that he was not guilty of the offense. R.C. 2921.12, provides, in pertinent part:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
>
> (2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.

{¶15} Here, after appellant entered his no-contest plea, the trial court informed appellant that "the State will present the Court with facts and if those facts are sufficient, there will be a finding of guilty." (Sept. 24, 2015 Tr. at 8.) The court then asked the state to present the facts, and the following exchange took place:

MS. SACKSTEDER: Your Honor, on December 6 of 2013, the Defendant, Travis Geiger, was sitting in a car that was parked in a no parking zone at North Ohio and Toronto in Columbus, Ohio, Franklin County, Ohio. Columbus police officers approached him, asked him for his driver's license. The Defendant asked to get out of his car so he could get the driver's license from the center console.

The officer was watching him as he was retrieving his driver's license and saw him put what appeared to be a large baggie of cocaine into his coat pocket. The officers then asked the Defendant for consent to search his person. The Defendant agreed. The officers found in the coat pocket 51.77 grams of cocaine, a Schedule II controlled substance.

This cocaine was, in fact, analyzed by a chemist and found to be that much cocaine.

This did all occur in Franklin County, Ohio.

THE COURT: What's the Tampering all about, counsel? I need to --

MS. SACKSTEDER: Your Honor, it was the hiding the cocaine in his coat pocket when the officers had asked him for his driver's license.

I believe the Tampering does -- the statute does read that he did -- knowing that an official proceeding or investigation was in progress or was about to be or likely to be instituted did alter, destroy, conceal, or remove any record, document, or thing with purpose to impair its value or availability as evidence.

THE COURT: Mr. Gordon, anything you wish to add, sir?

MR. GORDON: No, Your Honor.

THE COURT: With respect to the Possession of Cocaine, the Court will enter a finding of guilty based upon the facts submitted to the Court.

I'm having some issues with the Tampering.

MS. SACKSTEDER: Your Honor, I would submit that it is directly in line with the statute. Mr. Geiger was approached, asked to get out of his car to retrieve his driver's license --

THE COURT: He wasn't asked to get out of his car, was he?

MS. SACKSTEDER: He was not. He requested to get out of his car so he could reach into the center console for his driver's license. It will be the State's belief that that was in order to give him a better position to hide the cocaine, conceal it in his coat pocket that he knew was in the center console.

THE COURT: Did he ever get his license?

MS. SACKSTEDER: I don't recall that, Your Honor.

THE COURT: I don't either. I know we've had hearings in this matter and - -

MS. SACKSTEDER: It does indicate Officer Steele asked Mr. Geiger for his driver's license. He said he didn't have it -- oh, he said he had it, but. It -- he wasn't able to locate it in his pants pocket. Mr. Geiger exited the vehicle to better locate his driver's license.

He then reached back in the vehicle and opened the center console. The officer positioned himself so he could see. Officer Steele believed Mr. Geiger was attempting to conceal what appeared to be contraband, which appeared to be cocaine or crack cocaine.

It does not indicate if he did ever give them his driver's license. However, he was, if the Court recalls, cited for the failure to signal by the officer -- other officer, Officer Gitlitz, who was following him in a different cruiser.

THE COURT: I was consulting my previous notes in this case which is what the time was.

The Court will enter a finding of guilty on the Tampering, Count 2, also.

(Sept. 24, 2015 Tr. at 9-12.)

{¶16} Appellant argues there was no "official" investigation into a drug offense that was existing or likely to happen at the time appellant hid the cocaine in his coat pocket. Appellant maintains that when he was reaching for his identification (and cocaine) in his console, the only investigation involved a parking violation, and his attempt to hide the cocaine did not impair any evidence that related to the parking violation investigation.

{¶17} Although the trial court showed pause in finding the facts supported a finding of guilty as to the tampering with evidence charge, when a defendant pleads no contest, he admits to "the truth of the facts alleged in the indictment." Crim.R. 11(B)(2). "[W]here the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty." *State v. Bird*, 81 Ohio St.3d 582, 584 (1998). The indictment for appellant's tampering charge in the present case provided he "did, knowing that an official proceeding or investigation was in progress, or was about to be or likely to be instituted, alter, destroy, conceal, or remove any record, document, or thing with purpose to impair its value or availability as evidence in such proceeding or investigation." These allegations sufficiently stated the tampering offense.

{¶18} An exception to the rule in *Bird* exists where "the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to the commission of the offense alleged." *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, ¶ 6 (2d Dist.). In such a case, "the court may not make a finding of guilt on the basis of the charges alleged in the indictment." *Id.*

{¶19} Here, the state's statement of facts did not positively contradict a tampering with evidence charge by negating the element of knowledge that an official investigation was in progress or was likely to be instituted. Although appellant might have had a cogent argument that the evidence did not support all of the elements to the offense of tampering with evidence had he decided to proceed to trial and develop certain facts, nothing the state presented in its statement of facts at the plea hearing "positively contradict[ed]" the facts or "negat[ed] an element" stated in the indictment. It is unclear why appellant attempted to conceal the cocaine in his coat pocket. Appellant may have needed to move

the cocaine out of necessity because the cocaine was blocking access to his identification, or he may have moved the cocaine because he feared Officer Steele would see it while he retrieved his identification. Under these scenarios, appellant would have concealed it in his coat pocket knowing that an official investigation was likely to be instituted if Officer Steele saw him move the cocaine, which turned out to be the case. Appellant may have also concealed the cocaine in his coat pocket believing Officer Steele had already seen it when he opened the console. Under this scenario, it is clear that appellant concealed the cocaine knowing that an investigation was likely to be instituted. It was appellant's own action in attempting to move the cocaine while in close proximity to an observing officer that initiated an official investigation into the contents of the bag, and appellant knew it was likely under the circumstances. The facts recited by the state would not negate or positively contradict any element of the offense of tampering with evidence. For the foregoing reasons, we find the trial court did not err when it accepted appellant's no-contest plea to the tampering with evidence charge. Therefore, appellant's second assignment of error is overruled.

{¶20} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J., concurs in part and dissents in part.

HORTON, J., concurring in part and dissenting in part.

{¶21} The majority finds that appellant waived his first assignment of error, i.e., the trial court erred when it overruled defendant's motion to suppress evidence obtained as a result of an investigation and detention that exceeded the scope of the grounds justifying the initial detention, which was to issue a parking citation, by failing to raise it in his motion to suppress or at the hearing. (Majority Decision at ¶ 13.) I believe that such rationale raised by the majority creates an improper expansion of the notice requirements for defendants.

{¶22} The majority uses *Xenia v. Wallace*, 37 Ohio St.3d 216 (1988), to support its position that when a defendant wishes to suppress evidence, he must provide the

prosecutor notice of the basis for the challenge. (Majority Decision at ¶ 8.) In *Xenia*, the Supreme Court of Ohio affirmed the court of appeals which reversed the trial court's denial of defendant's motion to suppress. In doing so, the court emphasized that once the defendant demonstrates a warrantless search or seizure and adequately clarifies the ground for the challenge is lack of probable cause, then the prosecutor bears the burden on going forward with evidence whether probable cause existed. *Id.* at paragraph two of the syllabus. The *Xenia* standard, which merely requires the defendant to "adequately" put the prosecution on notice of the basis for the challenge, is not erroneous. *Id.* at 220. In that case, the court faulted the defendant's initial motion for merely asserting that a breathalyzer test was "illegally obtained," with no further explanation of the grounds for the challenge: "The motion does not clarify whether the illegality is due to violation of the Fourth Amendment, another constitutional provision, or some unnamed statute or rule of common law." *Id.* The defendant even neglected to file a memorandum of law to support the motion. *Id.* These deficiencies were remedied at the evidentiary hearing, where the defendant's attorney stated that the officers had lacked the probable cause required to stop his client. *Id.* at 221. Thus, although the *Xenia* court found that defendant's motion to suppress lacked clarity, it still found that the state had enough notice given the information elicited at the motion to suppress hearing.

{¶23} I believe this is similar to the instant case, in that appellant satisfied *Xenia's* notice requirement. Here, his motion to suppress may have been light on particulars, but it was adequate under the *Xenia* standard to put the prosecution on notice of the grounds for the challenge. Unlike the deficient motion filed by the *Xenia* defendant, appellant cited the Fourth Amendment to the U.S. Constitution, as well as Article I, Section 14, Ohio Constitution, both of which prohibit unreasonable searches and seizures. Furthermore, appellant's motion mentioned *Terry v. Ohio*, 392 U.S. 1 (1968), a seminal Supreme Court case examining the constitutionally valid scope of a warrantless seizure. *See Terry* at 17-18 (citing cases and noting that it had "held in the past that a search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity"). Although the majority describes appellant's motion as mere "boilerplate," it would have sufficed under *Xenia* to put the prosecution on notice of the grounds for suppression. (Majority Decision at ¶ 9.) Furthermore, the trial court judge felt it was adequate to put

the state on notice as it conducted a hearing on defendant's motion to suppress evidence over the state's memorandum contra.

{¶24} The state noted in the first paragraph of its memorandum contra: "[a]s defendant fails to sufficiently provide both a legal and factual basis upon which to properly decide the issues, said motion should be overruled. * * * Notwithstanding, an evidentiary hearing relative to claims of improper search and/or seizure will establish that the evidence sought to be introduced by the state was obtained by Constitutionally valid means and that no applicable Exclusionary Rule bars its admission into evidence." (May 27, 2015 Memo Contra Mot. to Suppress at 1.)

{¶25} The trial court conducted three hearings on the warrantless search. Consequently, the state has the burden to prove a valid search and/or seizure, which undoubtedly includes a demonstration that the seizure was not an unduly long detention based on the circumstances. I believe the state had sufficient notice on all issues regarding the valid search and seizure (alleged prolonged detention) and the state met its burden given the facts found by the trial court. As the majority noted in the decision, appellate review involves mixed questions of law and fact and "an appellate court must accept a trial court's factual findings if they are supported by competent and credible evidence." (Majority Decision at ¶ 5.)

{¶26} The trial court made the following statement in conveying its version of the facts:

> THE COURT: All right. You know, I had Officer Steele come back because I wanted some clarification as to his testimony in this matter. And I think in reviewing everything that has been testified to we come down to -- the salient point here is what occurred once he approached that vehicle.
>
> * * *
>
> So the Court in reviewing this motion has to look at what occurred once the officer approached that vehicle and what transpired after that.
>
> Listening to the testimony today, **the Court is convinced that the officer had the ability to walk up to the front of the vehicle and observe Mr. Geiger attempt to retrieve his driver's license and get out the vehicle.**

> Also, just looking at the exhibits, I think the comments with respect to how open the doors were, especially when you look at the vehicle from -- in Exhibit A, and looking at it, the door's not open all the way. The door's open maybe halfway. And if the door was fully open and Mr. Geiger was reaching inside and the officer said he walked around to his right side of Mr. Geiger as he was doing whatever he was doing with respect to from the console to his pocket, the officer testified he observed a bag in his pocket that he believed to be contraband. If he observed that, and as he testified he did, and it was contraband, he had the right to take the contraband from the Defendant and proceed from there.
>
> I think based upon the testimony that the Court has received in this matter that the motion to suppress should be denied, and the Court will deny it at this time.

(Emphasis added.) (July 20, 2015 Tr. at 35-37.)

{¶27} The trial court does not mention the questioning of appellant–apparently because it did not find a problem with it. Again, the trial court held three hearings due to the conflicting nature of Officer Steele's testimony, which included the conversation he had with appellant when he initially approached appellant. The trial court simply does not conclude that Officer Steele's initial conversation with appellant presented any problems.

{¶28} The trial court made no mention that the officer's conduct converted the limited detention into a prolonged drug investigation due to an improper request to search his vehicle as appellant suggests. Therefore, I do not believe the waiver doctrine as applied by the majority is necessary when the court clearly rejects appellant's version of the facts. However, I concur with the majority in judgment only with respect to appellant's first assignment of error.

{¶29} I respectfully dissent as to the majority's decision regarding the second assignment of error.

_____