[Cite as *State v. Johnson*, 2021-Ohio-1441.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-20-039

       Appellee                            Trial Court No. 2019CR0106

v.

Nikia Johnson                              **DECISION AND JUDGMENT**

       Appellant                            Decided:  April 23, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Nikia Johnson, appeals the judgment entered by the Wood

County Common Pleas Court on March 6, 2020, convicting her on one count of burglary,

in violation of R.C. 2911.12(A)(1) and 2911.12(D), and one count of petty theft, in

violation of R.C. 2913.02(A)(1) and 2913.02(B)(2).  For the reasons that follow, we

affirm the judgment of the trial court.

{¶ 2} Appellant sets forth the following assignments of error:

I. The trial court erred in failing to order a competency exam for Appellant.

II. The trial court erred in accepting Appellant's no contest plea because the State's recitation of the facts negated essential elements of the offense.

**Statement of the Case and Facts**

{¶ 3} Appellant was indicted on April 4, 2019, in a two count indictment, which charged her with one count of burglary, as a felony of the second degree, and one count of petty theft, as a misdemeanor of the first degree. Appellant failed to appear for her next two hearings, which resulted in warrants being issued. She was ultimately apprehended.

{¶ 4} On January 13, 2020, appellant's attorney filed a plea of "not guilty by reason of insanity" ("NGRI plea") on her behalf. The trial court ordered an evaluation by the Court Diagnostic and Treatment Center the next day. The record is silent as to whether that evaluation was ever ruled completed.

{¶ 5} On March 6, 2020, appellant withdrew her NGRI plea and entered a plea of no contest to the offenses as indicted. In explaining appellant's reasoning for withdrawing the NGRI plea, appellant's attorney stated:

After her being in the Justice Center and being on her medications and having time to think about the consequences of entering a plea, she has

2.

decided that she does not want to go down that route and that she wishes to withdraw her NGRI plea and enter into a no contest plea to the counts facing her.

{¶ 6} Appellant disclosed to the court that while she was in jail, she began taking four different psychiatric medications. She further indicated that those were new medications and that prior to her admission to the jail, she was "unstable."

{¶ 7} Regarding the charges to which appellant was pleading no contest, the state presented the following operative facts on the record. On or about March 9, 2019, the Perrysburg Township police were contacted by the loss prevention officer at the Kohl's store located on Fremont Pike in Perrysburg. The loss prevention officer reported that she tracked appellant through the store, and watched as appellant picked up a mesh bag and filled it with goods from around the store, proceeded to area away from the point of sale, looked around, and then finally left the store with the mesh bag full of goods. The loss prevention officer testified that she had indicated to appellant her title, and had asked her to stop. Instead of stopping, appellant got into a car that was driven by her codefendant. The state further provided that as the car was fleeing the scene, it was intercepted by an officer from the Rossford police division. When Perrysburg police arrived, they found the clothes that appellant had put into the mesh bag and had taken from Kohl's. Finally, the state provided that appellant "was subject to a trespass notice from a Kohl's store for similar actions."

3.

**Analysis**

{¶ 8} Appellant argues in her first assignment of error that the trial court erred in failing to order a competency hearing for her to determine whether she was competent enough to enter her guilty plea.

{¶ 9} Consistent with the notion of fundamental fairness and due process, a criminal defendant who is not competent to stand trial may not be tried or convicted. *State v. Prophet*, 10th Dist. Franklin No. 14AP-875, 2015-Ohio-4997, ¶ 11. The United States Supreme Court has stated that the test to determine whether a defendant is competent to stand trial "must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960) (quotation omitted). The competency standard for pleading guilty is the same as the standard for standing trial. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57.

{¶ 10} The right to a hearing on the issue of competency arises where the record contains "sufficient indicia of incompetence," such that an inquiry into the defendant's competency is necessary to protect the defendant's right to a fair trial. *See State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). Factors a trial court should consider when determining whether to sua sponte conduct a competency hearing include: doubts expressed by defense counsel as to a client's competency; evidence of irrational behavior;

4.

the defendant's demeanor; and any prior medical opinions concerning the defendant's competency. *Prophet* at ¶ 14.

{¶ 11} In the instant case, there was no evidence of any prior medical opinions concerning appellant's competency to stand trial. As indicia of incompetence, appellant alleges that she was "in and out" of jail during the pendency of this case, that she was placed on "at least four psychiatric medications at the jail," and that she had indicated that she was "unstable" prior to receiving those medications. Despite these allegations, the record is clear that appellant was a full, active, and rational participant throughout the course of her plea proceedings. The Supreme Court of Ohio has specifically determined that "a defendant may be emotionally disturbed or even mentally ill and yet competent to stand trial." *State v. Ferguson*, 108 Ohio St.3d 451, 2006-Ohio-1502, 844 N.E.2d 806, ¶ 46. Stated otherwise, "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). In the instant case, the trial court conducted an extended colloquy with appellant to make sure that she fully understood the actions that she was about to take. During that exchange, appellant expressly stated that she was currently "stable."

{¶ 12} Based on the foregoing, we conclude that the trial court did not err in failing to order a competency hearing in this case, because the record does not contain "sufficient indicia of incompetence" such that an inquiry into appellant's competency

5.

was necessary to protect the appellant's right to a fair trial. Appellant's first assignment of error is, therefore, found not well-taken.

{¶ 13} Appellant argues in her second assignment of error that the trial court erred in accepting her no contest plea, because the state's recitation of the facts negated essential elements of the offense of burglary. Regarding the offense of burglary in this case, R.C. 2911.12(A)(1) relevantly provides:

> (A) No person, by force, stealth, or deception, shall do any of the following:
>
> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense.

{¶ 14} Appellant was convicted on her plea of no contest, which was an admission of the truth of the facts alleged in the indictment. *See* Crim.R. 11(B)(2). A court may accept a plea where the conditions of Crim.R. 11(C) are satisfied, and if it does accept the plea, the court must find the defendant guilty if the facts alleged in the indictment are sufficient in law to demonstrate the offense alleged. *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, 860 N.E.2d 135, ¶ 3 (2d Dist.).

{¶ 15} Appellant does not dispute that the conditions of Crim.R. 11(C) were satisfied, or the sufficiency of the facts alleged in the indictment. Instead, she argues that

6.

her conviction should be reversed on the grounds that the state's recitation of the facts failed to establish the elements of trespass and "force, stealth, or deception."

{¶ 16} Ohio law is clear that when a court accepts a plea of no contest to a felony charge, the court is not required to have before it a statement of the particular conduct constituting the alleged offense. *Cooper* at ¶ 6. In general, "a defendant is barred from challenging the sufficiency of the evidence as to elements that are deemed admitted via his no contest plea." *State v. Jones*, 6th Dist. Lucas No. L-12-1267, 2013-Ohio-4745, ¶ 9, citing *State v. Taylor*, 6th Dist. Lucas No. L-10-1302, 2011-Ohio-5462, ¶ 18 ("The effect of appellant's no contest plea is an admission to all of the allegations in the indictment, including the element for which he now claims there was insufficient evidence."). "However, if the prosecutor presents a statement of facts and those facts *positively contradict* the felony charged in the indictment by negating an element essential to the commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." *Cooper* at ¶ 6 (emphasis added.)

{¶ 17} As indicated above, burglary, as it is defined in R.C. 2911.12, requires a trespass. Trespass is defined in R.C. 2911.21(A), which relevantly provides:

> No person, without privilege to do so, shall do any of the following:
>
> * * *
>
> (2) Knowingly enter or remain on the land or premises of another,
> the use of which is lawfully restricted to certain persons, purposes, modes,

7.

or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard.

Regarding the definition of recklessness, R.C. 2901.22 relevantly states:

> (C) A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature.

Here, the state's recitation of the facts revealed that appellant entered the Kohl's store after she had received a trespass notice from what was apparently another Kohl's store for "similar actions." According to the trial court, appellant "had been ordered not to enter into *any* Kohl's but did go into there and did so with the purpose of stealing items from there." We find that the state's recitation of the facts not only fails to negate the element of trespass, it supports that element to the extent that appellant's conduct in entering any Kohl's store while under the restriction of a trespass notice from Kohl's was at least reckless in nature.

{¶ 18} Regarding the element of "force, stealth, or deception," we likewise find that evidence that appellant entered the Kohl's store, knowing she was under the restriction of a Kohl's trespass notice and with the purpose of stealing items from the store, only served to support, and did nothing to negate, this element. Accordingly, appellant's second assignment of error is not well-taken.

8.

**{¶ 19}** For all of the foregoing reasons, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.