[Cite as *State v. Woodall*, 2023-Ohio-1334.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ALFRED H. WOODALL, | : | Case No. 22CA000042 |
| | : | 22CA000043 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
Court of Common Pleas, Case Nos.
21 CR 99 and 21 CR 171

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 24, 2023

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JASON R. FARLEY                      MICHAEL GROH
Assistant Guernsey County            1938 E. Wheeling Avenue
Prosecuting Attorney                  Cambridge, Ohio 43725
627 Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}    Appellant, Alfred Woodall, appeals the decision of the Guernsey County Court of Common Pleas, finding him guilty of Possession of a Fentanyl-Related Compound, in violation of R.C. 2925.11(A), a felony of the fifth degree and Illegal Conveyance of Weapons or Prohibited Items onto the Grounds of a Detention Facility or Institution, in violation of R.C. 2921.36(A)(2), a felony of the third degree. Appellee is the State of Ohio.

{¶2}    This case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), Determination and Judgment on Appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3}    One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶4}    This appeal shall be considered in accordance with the aforementioned rules.

## STATEMENT OF FACTS AND THE CASE

{¶5}    The facts underlying the offense committed by Woodall and his arrest are irrelevant and unnecessary for the disposition of this appeal and are therefore omitted.

{¶6} Woodall was indicted on May 2, 2022 for violating R.C. 2925.11(A), possession of a Fentanyl-Related Compound. (Trial Court Case No. 22-CR-99). He was later charged by bill of information for violating R.C. 2921.36(A)(1). (Trial Court Case No. 22-CR-171). The text of the Bill of Information states Woodall:

* * on or about the 14ᵗʰ day of January, 2022, at the County of Guernsey aforesaid, did knowingly convey or attempt to convey onto grounds of a detention facility or of an institution, office building or other place that is under the control of the Department of Mental Health and Addiction Services, the Department of Developmental Disabilities, the Department of Youth Services, or the Department of Rehabilitation and Correction a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code, or any part or of or ammunition for use in such a deadly weapon or dangerous ordinance in violation of Ohio Revised Code § 2921.36(A)(1), 2921.36(G)(1), **Illegal Conveyance of Weapons onto Grounds of a Specified Governmental Facility**, a felony of the third degree. (Emphasis in original).

{¶7} Woodall entered a plea of not guilty to both charges and subsequently appeared before the trial court to change his plea to no contest. At the opening of the hearing on the change of plea the state notified the court that there was need to amend the bill of information:

Evidently, the bill of information reads, illegal conveyance of weapons onto the grounds of a specified governmental facility under

2921.36 (A) (1). It should be illegal conveyance of drugs onto the grounds of a specified governmental facility. It should be under A (2).

I believe it would be the states intention at this point, if the court will allow, if there is no objection, to amend the bill of information to reflect 2921.36 (A) (2), illegal conveyance of drugs onto the grounds of a specified governmental facility as the applicable in the bill of information.

Plea hearing transcript, Aug. 22, 2022 p. 11, line 13 to p. 12, line 1.

**{¶8}** Defense counsel responded: "We would also request that it be amended. It—it was suspected illegal narcotics, is what was taken from his waistband." *Id.* at page 12, lines 9-12.

**{¶9}** The trial court granted the motion and issued an entry, journalized August 23, 2022 in which it noted that the state orally moved to amend the bill of information and that the name of the charge was changed to "'Illegal Conveyance of Prohibited Items onto Grounds of a Specified Governmental Facility', a felony of the third degree, the subject of which was a drug of abuse."

**{¶10}** The trial court engaged in exchange with the defendant during the sentencing hearing and explained that "You're agreeing to enter—you would withdraw your former plea of not guilty, enter a plea of no contest to possession of fentanyl—of a fentanyl–related compound, a felony of the fifth degree. In the charge that was just filed against you, that's illegal conveyance of drugs of abuse onto the grounds of a detention facility, a felony 3 you'd also enter a plea of no contest." *Id.* at page 18, lines 10-18.

**{¶11}** Later during the soliloquy, the court explained the charges filed against Woodall to ensure he understands:

In 22-CR-171, as amended by the state, it provides that on or about the fourteenth day of January 2022, hearing Guernsey County, you did knowingly; again, that's that same intent element is the first charge, convey or attempt to convey, either one or of those two, onto the grounds of a detention facility, as the county jail, a drug of abuse. That's illegal conveyance of drugs of abuse onto grounds of a specified governmental facility. That's a felony three. So, do you understand what makes up that crime, also?

*Id.* at p. 29, lines 9-20.

**{¶12}** Woodall confirmed that he understood and the trial court proceeded with the explanation of the rights Woodall was waiving.

**{¶13}** The trial court invited the state to present a statement of facts and the prosecutor responded with a summary of the facts where he stated that "in the change process, suspected narcotics, a crystal-like substance, was located in the waistband of Mr. Woodall's pants and those results are, as the court noted, still away for testing." *Id.* at page 39, lines 13-17.

**{¶14}** After the statement of the prosecutor, Woodall entered a no contest plea, and the following exchange occurred between his counsel and the court:

THE COURT: Waiver of presentation of evidence?

MS. ONTKO: Yes, Your Honor.

THE COURT: All right. Sufficient to obtain the conviction?

MS. ONTKO: Yes, Your Honor.

*Id.* At page 40, lines 2-7.

**{¶15}** The trial court accepted the no contest plea, found Woodall guilty, and later sentenced him to an aggregate term of thirty-three months in prison.

**{¶16}** Woodall filed a timely notice of appeal in both cases, but has submitted the same assignment of error and the same argument in both briefs, contesting only his conviction for the violation of 2921.36(A)(2), Illegal Conveyance of Drugs onto the Grounds of a Specified Governmental Facility. Our review is therefore limited to consideration of the sole assignment of error:

**{¶17}** "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING DEFENDANT GUILTY AFTER HIS NO CONTEST PLEA WHEN THE STATE'S STATEMENT OF FACTS NEGATED AN ESSENTIAL ELEMENT OF THE CRIME OF ILLEGAL CONVEYANCE."

**{¶18}** The foundation of appellant's argument is his contention that the prosecutor made a statement summarizing the facts in open court that omitted any allegation that the substance allegedly conveyed into the detention facility or institution was a prohibited item, namely drugs. Instead, the prosecutor stated that it was suspected narcotics, a crystal-like substance. Appellant's assertion is explained in the following paragraph from his brief on page 7:

> Upon a no contest plea, "if the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." *State v. Cooper*, 168 Ohio App. 3d 378, 380, 2006 Ohio 4004 (Ohio App. 2nd Dist. 2006). Whatever the agreement is, if

the statement of facts does not indicate all of the elements of the offense or contradicts those facts, a finding of guilt cannot be made.

**{¶19}** Woodall correctly cited the rule in *Cooper,* but then expands the rule to impose an obligation on the state that is not supported by precedent. He claims that "if the statement of facts does not indicate all of the elements of the offense or contradicts those facts, a finding of guilt cannot be made". The rule described in *Cooper* invalidates a guilty finding if the statement of the prosecutor "positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged" but it does not include a requirement that the state provide a summary that includes all of the elements of the offense. (Citations omitted.) *State v. Cooper*, 860 N.E.2d 135, 136, 168 Ohio App.3d 378, 380, 2006–Ohio–4004, ¶ 6. The trial court properly relied upon the amended charge in the bill of information to find Woodall guilty. *State v. Bird*, 81 Ohio St.3d 582, 584 (1998) as quoted in *State v. Geiger, 10th Dist. Franklin No. 15AP-1120, 2016-Ohio-7571, ¶ 17.*

**{¶20}** The Tenth District Court of Appeals addressed a similar situation and concluded that:

> Generally, when an indictment contains sufficient allegations to state a felony offense and the defendant pleads no contest, the trial court must find the defendant guilty. *State v. Geiger*, 10th Dist. No. 15AP-1120, 2016-Ohio-7571, 2016 WL 6464922, ¶ 17, citing *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). However, when a prosecutor presents a statement of facts that positively contradict the felony charged in the indictment by negating an essential element to the commission of the

offense, the court may not find the defendant guilty based on the charges alleged in the indictment. *Id.* at ¶ 18.

State v. Dumas, 159 N.E.3d 349, 356, 2020 -Ohio- 4554, ¶ 20 (Ohio App. 10 Dist., 2020).

**{¶21}** The prosecutor in the case before us did not present a statement of facts that positively contradicted the felony charges in the bill of information by negating an essential element to the commission of the offense. The prosecutor described the material recovered from Woodall as "suspected narcotics, a crystal-like substance" a phrase that does not positively contradict "drug of abuse" and does not therefore negate an element of the offense.

**{¶22}** Further, the amendment of the charge and the subsequent explanation of the change in the text of the offense make it clear that the charge involved a "drug of abuse." The trial court referred to this phrase on more than one occasion and Woodall stated his understanding of the amendment and resulting charge. Woodall's counsel waived the presentation of evidence and conceded that the facts presented by the pleadings and the prosecutor were sufficient to obtain the conviction, so we find that his current assignment of error is an attempt to revisit the issue and retract that concession. *Id.* at page 40, lines 5-7.

**{¶23}** We find that the record contains sufficient factual basis for the trial court's finding of guilt and that Woodall agreed with that finding during his sentencing.

**{¶24}** Woodall's assignment of error is denied.

**{¶25}** The decision of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.