[Cite as *State v. Day*, 2025-Ohio-5161.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-30 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-0229 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| TINA DAY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 14, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, J., and HUFFMAN, J., concur.

HOLLY M. SIMPSON, Attorney for Appellant
DANIEL P. DRISCOLL, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant Tina Day appeals from her conviction of one count of aggravated possession of drugs in the Clark County Court of Common Pleas following her no-contest plea. Day contends that the trial court did not have authority to find her guilty of aggravated possession of drugs because the State had omitted an essential element of the offense during its oral recitation of the facts at her plea hearing. For the reasons outlined below, we find that Day's argument lacks merit and affirm the judgment of the trial court.

**Facts and Course of Proceedings**

{¶ 2} On March 26, 2024, a Clark County grand jury returned an indictment charging Day with one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. Day initially pled not guilty to the charged offense and filed a motion to suppress the drug evidence. The trial court overruled Day's motion after holding a suppression hearing. Thereafter, Day entered into a plea agreement with the State where Day agreed to enter a no-contest plea to the charged offense. During Day's plea hearing, the State recited the following facts on the record:

> The facts that gave rise to this case, Your Honor, are that on or about November 3rd of 2023 within Clark County, Ohio Ms. Day was found to be in possession of suspected methamphetamine. That substance was recovered and sent to BCI for testing and analysis and confirmed to contain methamphetamine, a Schedule II controlled substance, in an amount less than

2

bulk amount.

Plea Hearing Tr. 3-4.

{¶ 3} Following the State's oral recitation of the facts, the trial court personally addressed Day and conducted a plea colloquy. The trial court thereafter determined that Day had knowingly, intelligently, and voluntarily entered a no-contest plea to aggravated possession of drugs and accepted her plea. The trial court found Day guilty of aggravated possession of drugs. Day's case then proceeded to a sentencing hearing, during which the trial court sentenced Day to three years of community control sanctions with several conditions.

{¶ 4} Day now appeals from her conviction, raising a single assignment of error for review.

### Assignment of Error

{¶ 5} Under her assignment of error, Day contends that the trial court lacked authority to find her guilty of aggravated possession of drugs because the State had omitted an essential element of the offense during its oral recitation of the facts at her plea hearing. To commit aggravated possession of drugs, a person must "knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(A). Day claims that the State's recitation of facts omitted the "knowingly" element of the offense. After reviewing the record, we agree that the State omitted the "knowingly" element given that the State said the following: "Ms. Day was found to be in possession of suspected methamphetamine," later confirmed to be "a Schedule II controlled substance." Plea Hearing Tr. 3.

{¶ 6} Day was convicted following her no-contest plea to the offense. A no-contest plea "is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). If the conditions under Crim.R. 11(C) for obtaining a knowing,

3

intelligent, and voluntary plea are satisfied, and if the trial court accepts a no contest plea, the trial court "must find the defendant guilty if the facts alleged in the indictment are sufficient in law to demonstrate the offense alleged." *State v. Cooper*, 2006-Ohio-4004, ¶ 3 (2d Dist.), citing *State v. Bird*, 81 Ohio St.3d 582 (1998). In other words, "[w]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." (Citation omitted.) *Bird* at syllabus; *accord State v. Wooldridge*, 2000 WL 1475699, *2 (2d Dist. Oct. 6, 2000); *State v. Magnone*, 2016-Ohio-7100, ¶ 45 (2d Dist.).

{¶ 7} In this case, Day is not claiming that the trial court failed to comply with the requirements of Crim.R. 11(C) or that her charging indictment did not include all the essential elements of aggravated possession of drugs. Rather, Day is simply claiming that the State failed to include all the essential elements of the offense during its oral recitation of the facts at her plea hearing.

{¶ 8} "Unlike with respect to a misdemeanor offense to which a plea of no contest is entered, the court is not required to have before it a statement of the particular conduct constituting the alleged offense when it accepts a defendant's plea of no contest to a felony charge." *Cooper* at ¶ 6. Therefore, "'the state need not deliver a statement of facts'" for felony no contest pleas. *Magnone* at ¶ 46, quoting *Woolridge* at *2. "Nevertheless, trial courts habitually call upon the prosecution to provide them with a 'statement of facts' regarding the offenses to which a defendant is entering a no contest plea." *State v. Edward Joseph Lowe, M.D., Inc.*, 1995 WL 127890, *7 (2d Dist. Mar. 24, 1995). "This procedure aids the trial court in making certain determinations that it must make under Crim.R. 11 . . . ." *Id*., citing Crim.R. 11(C)(2).

{¶ 9} Because a no-contest plea is an admission to the truth of the facts alleged in

4

the indictment, it has been recognized that a defendant's felony conviction following a no-contest plea is proper even when "through inadvertence or otherwise," the State "omits the factual fundament for an essential element of the offense from his oral description of the events and circumstances surrounding the charge." *State v. Cohen*, 60 Ohio App.2d 182, 184 (1st Dist. 1978); *accord Magnone,* 2016-Ohio-7100 at ¶ 47 (2d Dist.). That scenario, however, is distinguishable from a scenario where the statement of facts absolutely negates the existence of an essential element of the offense charged in the indictment. *Cohen* at 184.

{¶ 10} "[W]here the prosecutor presents a statement of facts and it not only fail[s] to include, but absolutely negative[s] the existence of, an essential element of the offense charged in the indictment, then the trial court errs by convicting the defendant on his no contest plea to the charge." (Cleaned up.) *Wooldridge,* 2000 WL 1475699, at *2 (2d Dist.); *accord Magnone* at ¶ 47. "'Thus, although the omission of a fundamental fact is permissible, the trial court may not find a defendant guilty based on his no contest plea if the state's statement of facts absolutely negates the existence of an essential element of the offense.'" *Magnone* at ¶ 47, quoting *Wooldridge* at *2. Accordingly, "if the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." *Cooper,* 2006-Ohio-4004 at ¶ 6 (2d Dist.).

{¶ 11} In this case, there is no dispute that the State omitted the "knowingly" element of aggravated possession of drugs while giving its oral recitation of the facts at Day's plea hearing. That omission, however, did not negate the "knowingly" element so as to positively contradict the charged offense. The State merely recited the fact that Day was found to be

5

in possession of a controlled substance. Because the "knowingly" element was simply omitted—not negated—the trial court was not stripped of its authority to find Day guilty of aggravated possession of drugs following her no-contest plea. Day's claim to the contrary lacks merit.

{¶ 12} Furthermore, Day did not object to the State's recitation of the facts at her plea hearing and thus waived all but plain error for appeal. To establish plain error, Day must demonstrate that "an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the [proceeding]." (Emphasis deleted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶ 13} Here, both Day and her trial counsel confirmed at the plea hearing that Day was "enter[ing] a plea of no-contest to the one count of the indictment"—not the State's recitation of facts. Plea Hearing Tr. 4. Day also confirmed that she had reviewed and signed a plea form that indicated she had read the indictment and understood the elements of the charged offense. Tr. 5. *See* Plea Form Filed March 27, 2025. There is no dispute that the indictment included all essential elements of aggravated possession of drugs. Day further confirmed that she understood a no-contest plea was "an admission of the truth of the facts alleged in the indictment[.]" Tr. 5.

{¶ 14} Because Day read and understood the indictment and indicated that she was pleading no contest to the charge in the indictment, she cannot establish any prejudice resulting from the State omitting the "knowingly" element of aggravated possession of drugs during its oral recitation of the facts. That is, Day cannot establish that she would not have entered her no-contest plea but for the omission in question. Accordingly, she cannot establish plain error.

6

**{¶ 15}** For all the foregoing reasons, Day's sole assignment of error is overruled.

## Conclusion

**{¶ 16}** Having overruled Day's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

LEWIS, J., and HUFFMAN, J., concur.