**[Cite as *State v. McGinnis*, 2022-Ohio-2314.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29404 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-4175 |
| | : | |
| ANTWONNE MCGINNIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHRISTOPHER BAZELEY, Atty. Reg. No. 0077473, 9200 Montgomery Road, Suite 8A, Cincinnati, Ohio 45242
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Antwonne McGinnis appeals from his conviction for violating a protection order.   McGinnis, who entered a plea of guilty to the charge, argues that his plea should be vacated because the trial court failed to comply with the requirements of Crim.R. 11.   For the reasons set forth below, we find that this argument has no merit.   Accordingly, the conviction is affirmed.

## I.      Facts and Procedural Background

{¶ 2} On January 3, 2022, McGinnis was indicted on one count of violating a protection order (prior conviction) in contravention of R.C. 2919.27(A)(1), a felony of the fifth degree.   McGinnis, who has an extensive adult and juvenile criminal record, was on post-release control at the time of the violation.   A scheduling conference was conducted on January 19, 2022, at which both McGinnis and his attorney made their appearances before the trial court electronically; McGinnis was in jail at the time of the conference.   At the beginning of the hearing, both the prosecutor and defense counsel indicated that McGinnis intended to enter a plea of guilty to the sole charge and that there was no recommendation as to sentencing.

{¶ 3} The court asked McGinnis whether he wanted to enter a guilty plea. McGinnis responded by stating that he had merely been "trying to get some (indiscernible) to get my daughter some clothes for Christmas," and that he did not "even know the restraining order was still on."   Tr. p. 4.   At that point, the following colloquy took place:

THE COURT:  All right.   Well, those are factual issues, sir.   You're here

to enter a plea or not enter a plea.   You don't have to enter a plea to this

offense. It could be set over for trial, if that's what you want. My question, is, sir, are you –

THE DEFENDANT: Yeah, I'll enter a plea.

THE COURT: Wait. Listen to me. Are you willing to enter a plea of guilty or no contest, since you're pleading as charged to this offense?

THE DEFENDANT: No contest.

THE COURT: Okay. Is that what you want to do?

THE DEFENDANT: Yes.

THE COURT: All right. And you understand, sir, that a no contest plea, the Court in the end, based up on [sic] hearing the sentence here - - or the plea, is I'm going to enter a plea [sic] of guilty against you at the end. Do you understand that?

THE DEFENDANT: Well, I'm - - if it's going to (indiscernible) make a difference, I'll take the plea of guilty because I'm just ready to get it over with. I didn't – I didn't know anything - -

THE COURT: It's up to you, sir.

THE DEFENDANT: I'll - -

THE COURT: I'm just telling you a no contest –

THE DEFENDANT: (Indiscernible) - -

THE COURT: A no contest plea, the only thing it means is it can't be used against you later on; you're not admitting or denying the facts, but you're letting the Court decide based upon the affidavit in the complaint that's filed.

So which one do you want to do, no contest or guilty?

THE DEFENDANT: No contest.

THE COURT: Okay.

Tr. p. 4-5.

{¶ 4} The prosecutor then informed the court that the plea form provided to McGinnis had been drafted in anticipation of a guilty plea rather than a plea of no contest. The prosecutor suggested McGinnis correct the form before signing it. The court, however, stated that it did not want McGinnis to make changes to the form. Therefore, the following colloquy took place:

THE COURT: All right. Mr. McGinnis, here's the options here and - - if you want to plead no contest, that's fine, but what I'd have to do is set this matter over until next week because we need to do a new plea form. We thought it was going to be guilty. If you want to proceed today, it would have to be a guilty plea and we could proceed today. So it's strictly up to you - -

THE DEFENDANT: I'll take the guilty [sic] because I've been in here - - I haven't been able to - - you know what I mean: I was just trying to get my daughter (indiscernible). I didn't even know the restraining was still on.

THE COURT: Mr. McGinnis, I understand that - -

THE DEFENDANT: So I'll take the guilty plea.

THE COURT: - - we're not - - going to talk about the facts with you.

THE DEFENDANT: Okay. Okay. I'll take the guilty plea.

THE COURT:   (Indiscernible) is enter a plea of guilty.   You have to admit that you've violated this offense.   Is that what you want - -

THE DEFENDANT:   Yes, guilty.

THE COURT:   Okay.   Let me go through and take your plea then from you and then we can do it today because you have the plea form.

Tr. p. 5-6.

{¶ 5} Thereafter, the trial court engaged in a full and appropriate Crim.R. 11 plea colloquy with McGinnis in reference to a plea of guilty.   The trial court then found McGinnis guilty and sentenced him accordingly.   McGinnis appeals.

## II.    Analysis

{¶ 6} McGinnis's sole assignment of error states:

THE TRIAL COURT'S FAILURE TO PROPERLY ADVISE MCGINNIS ABOUT THE CONSEQUENCES OF ENTERING A NO CONTEST PLEA RENDERED HIS GUILTY PLEA UNKNOWINGLY AND INVOLUNTARILY GIVEN.

{¶ 7} McGinnis asserts the trial court made incorrect advisements during the plea hearing, thereby causing him to enter a plea of guilty rather than no contest.

{¶ 8} To comply with a defendant's right to due process, the record must show that a plea of guilty or no contest was knowing, intelligent, and voluntary.   *State v. Chessman*, 2d Dist. Greene No. 2003-CA-100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).   A "plea must [therefore] be made with

a full understanding of its consequences." *Id.*, citing *State v. Bowen*, 52 Ohio St.2d 27, 368 N.E.2d 843 (1977). To that end, a trial court's compliance with Crim.R. 11(C) ensures that a plea comports with due process. *State v. McElroy*, 2d Dist. Montgomery No. 28974, 2021-Ohio-4026, ¶ 14.

{¶ 9} Relevant to this matter, Crim.R. 11(C)(2)(b) provides that in a felony case, a trial court shall not accept a plea of guilty "without first addressing the defendant personally and * * * [i]nforming the defendant of and determining the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(B)(2) sets forth the effect of a no contest plea and states, "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 10} The Ohio Supreme Court has repeatedly expressed a preference for literal compliance with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(b) does not implicate a defendant's constitutional rights, a substantial compliance rule applies. *Id.* at ¶ 31; *State v. Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, ¶ 18. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Davis* at ¶ 18, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 11} If an appellate court finds that a trial court did not substantially comply with

a requirement of Crim.R. 11(C) as related to a non-constitutional right, it must then make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Clark* at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates prejudice. *Id.* Prejudice occurs when the defendant would not have otherwise entered the plea. *Id.*, citing *Nero* at 108. If, however, the trial court completely failed to comply, an analysis of prejudice is not necessary and the plea must be vacated. *Id.* at ¶ 32.

{¶ 12} In determining whether the trial court complied with Crim.R. 11(C), we utilize a de novo standard of review. *State v. Roberts*, 8th Dist. Cuyahoga No. 89453, 2010-Ohio-3302, ¶ 19, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). This requires us to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *Id.*

{¶ 13} McGinnis first contends his guilty plea was not knowingly, voluntarily and intelligently entered because the trial court led him to believe there was "no practical difference" between a guilty plea and a no contest plea. In support, he asserts that "a plea of no contest does not automatically result in a guilty plea," and the trial court thus erred by making the "conclusory statement [indicating that the court would] enter a plea of guilty against [him] in the end." McGinnis claims that, had he entered a plea of no contest, the trial court would have erred in finding him guilty because the State did not make a statement of any facts to support the elements of the offense. We disagree.

{¶ 14} A trial court "is not required to have before it a statement of the particular conduct constituting the alleged offense when it accepts a defendant's plea of no contest

to a felony charge." *State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, 860 N.E.2d 135, ¶ 6 (2d Dist.). Instead, the Ohio Supreme Court has stated that "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998), citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425, 662 N.E.2d 370 (1996). "An indictment is sufficient, and not defective, if it uses the words of the statute establishing an offense to charge the offense." *State v. Landgraf*, 2d Dist. Montgomery No. 21141, 2006-Ohio-838, ¶ 2.

{¶ 15} The indictment in this case mirrors the language of R.C. 2919.27(A)(1): "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section 2919.26 * * * of the Revised Code." The indictment further set forth information establishing the existence of the protection order and a prior violation of the order. This was sufficient to charge the offense.

{¶ 16} Since the indictment was sufficient, we cannot say the trial court erred when it informed McGinnis that it would enter a finding of guilty upon a plea of no contest. This was a correct statement under the facts of this case, and we find no basis for concluding it constitutes a violation of any duties conferred upon the trial court by Crim.R. 11.

{¶ 17} McGinnis next complains that the trial court violated Crim.R. 11 because it failed to advise him that, by entering a no contest plea, he was not making an admission of guilt. McGinnis claims he was "clearly attempting to advise the court that he believed he was innocent." He further claims that "once the trial court erroneously advised him

that a no contest plea would automatically result in a guilty finding and the 'only' benefit to a no contest plea is that it couldn't be used against him in the future, McGinnis capitulated and agreed to plead guilty."

{¶ 18} We first note that we disagree with the claim that McGinnis asserted his actual innocence during the initial portion of the plea hearing. McGinnis was charged with one count of reckless violation of a protection order in violation of R.C. 2919.27(A)(1). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 19} McGinnis did not deny that he approached the protected individual at her place of work. Instead, he claimed that he was not aware the protection order was still in effect at that time. Thus, he apparently believes he cannot have recklessly violated the order when he was not aware it existed.

{¶ 20} Since McGinnis had previously been convicted of violating the subject protection order, it could be reasonably inferred that he was aware of the existence of the order. Therefore, it could also be reasonably inferred that he disregarded a known risk that the protection order likely existed, and that he acted recklessly when he decided to approach the victim without first ascertaining the status of the order.

{¶ 21} More important to the resolution of this issue, the record indicates that McGinnis ultimately made a decision to forgo a plea of no contest and to proceed with the original plan to plead guilty when he was informed that the court would need to delay the proceedings in order to correct the paperwork. Even after the trial court again assured

him of his right to enter a no contest plea, albeit a week later, McGinnis repeated his desire to proceed with a guilty plea. The court then informed McGinnis he would have to admit the charged offense in order to enter a plea of guilty. McGinnis again repeated his wish to enter a guilty plea.

{¶ 22} Our review of the record does not support McGinnis's claim that his decision to plead guilty was due to any errors made by the trial court in making advisements regarding a no contest plea. Instead, the record supports a finding that McGinnis's decision to plead guilty was based upon a desire to avoid a delay in the proceedings. Accordingly, McGinnis's sole assignment of error is overruled.

### III. Conclusion

{¶ 23} McGinnis's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Christopher Bazeley
Hon. Dennis J. Adkins