[Cite as *State v. Collins*, 2023-Ohio-646.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | Appeal No. 2022-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2020CR0589 |
| | : | |
| JEFFREY A. COLLINS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 3, 2023

. . . . . . . . . . .

MEGAN A. HAMMOND, Attorney for Appellee

K. GEORGE KORDALIS, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Jeffrey A. Collins appeals from his conviction in the Greene County Court of Common Pleas after he pled no contest to four counts of illegal use of a minor or impaired person in a nudity-oriented material or performance. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.	Facts and Procedural History

{¶ 2} On February 20, 2020, a worker in a dining area of the Wright State University (WSU) student union found an unattended cell phone (which was later confirmed to belong to Collins) on a lunch table and turned it into the manager of the Union Market, Justin Young. To discover who the phone belonged to, Young opened the home screen (the phone was not password protected) and went into the photos application to see if he recognized the owner. When he did so, Young discovered pictures of what appeared to be underage females in various stages of undress, with some engaged in sexual acts. He further reported that he saw labels with the titles of "preteen" and "young girls."

{¶ 3} Young contacted WSU police, and Sergeant Stephen Powers responded to the student union. Once there, Young informed Sgt. Powers how he came into possession of the phone and what he saw on it, and he then turned possession of the phone over to the WSU police. There are conflicting accounts of what happened once Sgt. Powers took possession of the phone, but we do know that on February 27, 2020, he obtained a search warrant for it.

{¶ 4} Based on the contents found on the phone, and after confirmation from medical professionals that the images were of girls younger than 18, Collins was indicted on four counts of illegal use of a minor or impaired person in a nudity-oriented material or performance, felonies of the fifth-degree. On February 19, 2021, Collins filed a motion to suppress, challenging evidence obtained as a result of the search warrant as well as statements made to police. Nearly 11 months later, the parties gathered for the suppression hearing, but instead of hearing testimony from witnesses, the parties agreed

that the trial court would review three joint exhibits, including, pertinent to this case, a redacted version of Sgt. Powers' search warrant affidavit. The court would determine probable cause based on the four corners of the affidavit.

{¶ 5} On March 18, 2022, the trial court denied Collins' motion to suppress, and approximately a month later, he entered a no contest plea. On July 21, 2022, Collins was sentenced to five years of community control and ordered to register as a Tier I sex offender.

{¶ 6} Collins' timely appeal raises two assignments of error.

## II.     Motion to Suppress

{¶ 7} In his first assignment of error, Collins argues that the trial court erred by denying his motion to suppress the evidence (in this case, pictures) found on his cell phone. His thesis, as we understand it, is that the judge who issued the search warrant lacked a substantial basis to conclude that there was probable cause. We disagree.

{¶ 8} An appeal from a ruling on a motion to suppress presents a mixed question of fact and law. *State v. Ojezua*, 2016-Ohio-2659, 50 N.E.3d 14, ¶ 15 (2d Dist.). When considering a motion to suppress, the trial court takes on the role of trier of fact and is in the best position to resolve factual questions and assess the credibility of witnesses. *State v. Turner*, 2015-Ohio-4612, 48 N.E.3d 981, ¶ 10 (2d Dist.). As a result, we must accept the trial court's findings of fact if they are supported by competent and credible evidence. *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, quoting *State v. Koon*, 2d Dist. Montgomery No. 26296,

2015-Ohio-1326, ¶ 13. The trial court's application of law to the findings of fact is subject to a de novo standard of review. *Id.*

{¶ 9} Pursuant to Crim.R. 41, a request for a search warrant must be made with an affidavit. "The purpose of the affidavit in support of a search warrant is to provide the magistrate with sufficient information to conclude that probable cause exists to believe that contraband or other evidence of a crime will be found in a particular place." *State v. Taylor*, 82 Ohio App.3d 434, 440, 612 N.E.2d 728, 732 (2d Dist.1992). Probable cause is a lesser standard than beyond a reasonable doubt or a preponderance of the evidence. *Id.* "[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' " *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

{¶ 10} To make his argument that the affidavit given to the issuing judge lacked probable cause to believe that evidence of a crime would be on his cell phone, Collins argues that because Sgt. Powers did not personally see the images, the information on the affidavit was mostly second-hand or hearsay information that Sgt. Powers gleaned from Young – the person who saw the pornographic photos. In support of this, he cites the second paragraph from the affidavit which reads:

> Mr. Young started to scroll through the pictures and saw several, disturbing and possibl[y] pornographic pictures. These pictures were of naked girls[,] and they appeared underage. Mr. Young saw labels, or titles, with words "preteen" and "young girls."

Joint Exhibit 1. The problem with Collins' argument, however, is that hearsay evidence is permissible in search warrant affidavits.

{¶ 11} "While it is desirable to have the affiant provide as much detail as possible from his or her own knowledge, practical considerations will often require that the affiant rely on information provided by other sources. Since the purpose of the affidavit is not to prove guilt, but only to establish probable cause to search, the affiant may rely on hearsay information." *Franks v. Delaware,* 438 U.S. 154, 167, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In fact, according to Crim.R. 41(C)(2), a finding of probable cause may be based on hearsay – in whole or in part – if there is a substantial basis for believing the source of the hearsay is credible and for believing that there is a factual basis for the information. *See also Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1965), syllabus.

{¶ 12} While both parties agree that Sgt. Powers did not see the pictures himself, there is reason to believe that the information he put in the affidavit was reliable. Young, who had recently opened the phone and looked at the images, informed the officer (soon after seeing the images) that there were multiple pictures of naked girls appearing to be underage. He also told Sgt. Powers that there were albums entitled "preteen" and "young girls" found in the camera roll. The quick turnaround from originally viewing the pictures to informing Sgt. Powers about them increased the reliability of the description. In addition, we have recognized that "an identified citizen informant is typically accorded a greater degree of reliability." *State v. Smith*, 2d Dist. Greene No. 2019-CA-5, 2019-Ohio-4370, ¶ 25. *See also State v. Gress*, 2d Dist. Montgomery No. 16899, 1998 WL 321014, *4-5 (June 19, 1998) (a tip from an identified citizen informant is presumed reliable,

especially if the citizen relates his basis of knowledge). Finally, we can find no reason for Young to lie or exaggerate about what he found on the phone. There is no evidence that he knew who Collins was or that he had a reason to fabricate what he had just seen.

{¶ 13} Nevertheless, Collins argues that Young did not "unequivocally" tell Sgt. Powers that the images were pornographic and that he merely stated it was "possible" the photographs were pornography. While it appears that Young did not tell Sgt. Powers that the images were *definitely* pornographic, that type of certainty is not needed for a search warrant. An affidavit only requires "the probability, and not a prima facie showing, of criminal activity." *Gates,* 642 U.S. 213 at 235, 103 S.Ct. 2317, 76 L.Ed.2d 527. Young's description that the pictures were of naked girls who appeared to be underage, coupled with the folders labeled "preteen" and "young girls," established the probability that illicit photographs would be found on Collins' phone. And as the State argues, Young was "neither a law enforcement officer nor a medical doctor. He could hardly be expected to flip through the photos one by one, write a description of the activity depicted, and estimate the age of the participants." Appellee's Brief at 4.

{¶ 14} The information found in the affidavit, in its totality, established probable cause to believe that evidence of the crime of illegal use of a minor or impaired person in a nudity-oriented material or performance would be found on Collins' phone. The trial court did not err in denying the motion to suppress, and the first assignment of error is overruled.

### III. No Contest Plea

{¶ 15} Collins' second assignment of error contends that the trial court erred when

it accepted his no contest plea.

{¶ 16} "Pursuant to Crim.R. 11[C], felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea." *State v. Griggs*, 103 Ohio St. 3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 6. Strict compliance with the Rule is required for constitutional rights. *State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 11 (2d Dist.). "A trial court must substantially comply with the notification of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with these notifications." *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 17} Among the non-constitutional rights, Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his or her guilty or no-contest plea and to determine whether he or she understands that effect. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 12; *Griggs* at ¶ 10-12. "[A] court may not accept a no contest plea without first determining that the defendant understands the effect of the plea." *State v. Evans*, 2d Dist. Montgomery No. 21669, 2007-Ohio-6587, ¶ 9, citing Crim.R. 11(C)(2)(b).

{¶ 18} To satisfy the effect-of-plea requirement, the trial court must inform the defendant of the appropriate language in Crim.R. 11(B). *State v. Jones*, 2d Dist.

Montgomery No. 25688, 2014-Ohio-5574, ¶ 8. "[F]or a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 23.

{¶ 19} In the case at bar, we agree with Collins that trial court failed to fully comply with Crim.R. 11 in its explanation of his no contest plea. The trial court stated, "By pleading no contest, the Court will review the indictment and assume the facts to be true. And under those circumstances it's likely that you will be found guilty." Plea Tr. at 18. The court's statement was not in substantial compliance with the Rule, but that does not end the analysis.

{¶ 20} Both parties acknowledge that the trial court's explanation of the effect of the no contest plea showed partial compliance with Crim.R. 11(C)(2)(b). Appellant's Brief at 15; Appellee's Brief at 8. That means for the plea to be vacated, prejudice must be demonstrated. *State v. McGinnis*, 2d Dist. Montgomery No. 29404, 2022-Ohio-2314, ¶ 11. "The test for prejudice is whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶ 21} Collins argues that he will be "detrimentally prejudiced in the event of a conviction," citing the onerous consequences of registering as a Tier I sex offender, especially if he has children over the course of the next 15 years (although he currently does not have children). What he has not posited, however, is that he would not have pled no contest, and instead gone to trial, had the court complied with the Rule.

Consequently, Collins has not shown prejudice, and the second assignment of error is overruled.

### IV. Conclusion

**{¶ 22}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.